## LEWIS *v.* STATE BOARD OF MEDICAL EXAMINERS.

1. This court can not pass upon the legal questions raised by the demurrer, it not appearing that the demurrer was passed upon by the trial judge.

2. The provisions of the constitution of the United States, as set out in the second division of the opinion in this case, apply to powers exercised by the government of the United States, and not to those of the separate States of the Union, and therefore have no application to a case like the present.

3. Section 14 of the act of 1918 (Acts 1918, p. 173) is not violative of art. 6, sec. 18, par. 1, of the constitution of the State of Georgia (Civil Code, 1910, § 6545), which provides that "The right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate, but the General Assembly may prescribe any number, not less than five, to constitute a trial or traverse jury in courts other than the superior courts."

4. A plea of former jeopardy is available as a defense only where it appears that one is being tried for the same offense for which he was tried and convicted in a previous case.

5. Other attacks on the constitutionality of the acts in question are controlled by rulings this day made in the case of *Hughes* v. *State Board of Medical Examiners*, ante, 246.

6. The court did not err in directing a verdict against the defendant.

No. 5140.    MAY 13, 1926.

Appeal; revocation of license. Before Judge Roop. Carroll superior court.    October 9, 1925.

*H. W. McLarty,* and *Emmett Smith,* for plaintiff in error.

*J. Z. Foster,* contra.

HILL, J.    Plaintiff in error, a practicing physician, was notified to appear before the State Board of Medical Examiners, to show cause why his license to practice medicine in this State should not be revoked, upon the charge which had been preferred by the board. The charge was that the plaintiff in error had, on March 24, 1922, been convicted in the United States District Court of the Northern District of Georgia, for a violation of the Harrison narcotic law. The plaintiff in error appeared before the board at the time and place designated in the notice, and both demurred and answered the charges.

1.    On the call of the case in this court the defendant in error moved to dismiss the writ of error, upon the following grounds: "There was no issue of fact in the court below, and none is complained of in the bill of exceptions. The issue of law complained of could only have been raised in the court below by demurrer. The answer of the defendant (plaintiff in error) shows that he filed and insisted upon a general demurrer in the court below, but. no demurrer is set out in the bill of exceptions or specified therein, or sent up with the record in said case. No exception was taken to the ruling of the court below on the general demurrer which plaintiff in error states in his bill of exceptions was filed and insisted upon in the court below. Therefore said bill of exceptions contains no assignment of error for the consideration of this court." The plaintiff in error filed an amendment to his bill of exceptions, upon the call of the case in this court, by adding to the same the general demurrer filed in the court below, as a part of the bill of exceptions. "Plaintiff shows that the demurrer hereto attached was filed with the other pleadings, . . and when the case came on for trial before the Hon. C. E. Roop, judge presiding, he overruled said demurrer and directed a verdict against the plaintiff. To the overruling of the demurrer the plaintiff excepted, and now excepts and assigns the same as error upon the ground that it was contrary to law and the principles of justice. Plaintiff

shows that through inadvertence the demurrer has been left out of the record, and prays that the Supreme Court allow this amendment to be filed in order that the record in said case may be complete." The copy of the demurrer which was attached to the amended bill of exceptions did not show that it was certified as correct by either the trial judge or the clerk of the superior court of Carroll County. Neither was there any entry accompanying the demurrer which showed that the trial judge had overruled the same. This court of its own motion sent for a certified copy of the demurrer filed in Carroll superior court, and of any order or ruling of the court upon the same. In compliance the clerk transmitted to this court a certified copy of the demurrer filed in Carroll superior court, with the statement, under the seal of the clerk of the superior court, "no judgment on above demurrer." Therefore this court can not pass upon the legal questions raised by the demurrer, it not appearing that the demurrer was ever passed upon by the trial judge.

2. The bill of exceptions recites that "after a jury was agreed on to try said case, counsel for defendant made a motion that the court direct a verdict on the pleadings, on the ground that there was no facts to be considered by a jury, counsel agreeing that if the law attacked in defendant's plea was constitutional, a verdict should be directed against defendant; and to this motion plaintiff resisted on grounds set up in plea, and excepted to the directing of a verdict and the judgment thereon." The plaintiff in error attacks the act of 1918, supra, as being void on the ground that it contravenes certain provisions of the constitution of the United States, viz., art. 3, sec. 2, par. 3, which provides that "The trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the State where the said crime shall have been committed; but when not committed within any State, the trial shall be at such place or places as the Congress may by law have directed;" and art. 8, sec. 5, of the constitution of the United States, which provides that "No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia when in actual service, in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or

limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation;" and art. 8, sec. 6, of the constitution of the United States, which provides that "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of counsel for his defense." These provisions of the constitution of the United States apply to powers exercised by the government of the United States, and not to those of the separate States of the union. *Johnson* v. *State, 152 Ga. 271, 273 (109 S. E. 662, 19 A. L. R. 641),* and cit. They have, therefore, no application to a case like the present; and the acts under review are not unconstitutional for any of the reasons assigned, and the trial judge did not err in so holding.

3. The defendant also filed a plea of former jeopardy, setting up the trial, conviction, and service of sentence in a case growing out of an indictment and conviction in the Federal court. We are of the opinion that under the pleadings in this case, including the defendant's admission in said plea that he had been indicted, tried, and convicted and sentenced in the Federal court, and of the facts, that the plea of former jeopardy is without merit. For the plaintiff in error to avail himself of the plea of former jeopardy, it must appear that he is being tried for the same offense as he was tried and convicted for in the previous case. But such is not the case here. The two cases are entirely different, and therefore the plea of former jeopardy is without merit.

4. Other headnotes not specifically dealt with in the opinion do not require elaboration.

5. The court did not err in directing a verdict against the defendant.

*Judgment affirmed. All the Justices concur, except Atkinson, J., disqualified.*

GILBERT, J., concurring. It appears from the bill of excep-

tions that the constitutional points in the case were passed upon, although made only in the answer and not included in the demurrer. Without deciding whether these points can be raised in the answer, I concur in the result.