23385. DUTTON, Warden v. SMART.

ARGUED MARCH 15, 1966—DECIDED APRIL 7, 1966.

*Arthur K. Bolton, Attorney General, Carter A. Setliff, Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for appellant.

*Kravitch, Garfunkel & Hendrix, Aaron Kravitch,* for appellee.

ALMAND, Justice. This is an appeal from a judgment granting a writ of habeas corpus. David M. Smart, appellee here, was indicted by the grand jury of Chatham County, on February 3, 1954, in separate indictments for the crimes of burglary and assault with intent to rape. While the date of the crime charged in each indictment was not the same, this mistake was recognized by all parties and is not material to the issue before us. The record shows that the appellee was tried under the two indictments at the same trial, and the evidence showed that the assault with intent to rape was committed immediately after the appellee allegedly broke and entered the home of the victim. On May 21, 1954, a jury found appellee guilty of the offense charged in each of the two indictments, and he was sentenced to twenty years on each offense. The sentences were to be computed consecutively. Appellee has completed service of his first sentence and was serving his second sentence at the time this case was brought.

In 1964 appellee filed a petition for a writ of habeas corpus

in the Superior Court of Chatham County. This action was dismissed by the court upon the ground that it was without jurisdiction as the Georgia Code sets forth that jurisdiction in habeas corpus cases shall be in the county of incarceration, and appellee was incarcerated at the Georgia State Prison in Tattnall County. Appellee then filed another petition for habeas corpus on December 23, 1964, in the United States District Court for the Southern District of Georgia. This action was dismissed upon the ground that the appellee did not exhaust the available remedy of habeas corpus in the State courts, and this decision was upheld by the Fifth Circuit Court of Appeals on November 1, 1965.

Appellee then filed his petition for a writ of habeas corpus in the City of Court of Reidsville. The trial court was of the opinion that appellee had already served the only legal sentence imposed and that he was sentenced twice for the same offense, arising out of one and the same transaction. The court thereupon granted the writ of habeas corpus and released appellee from further custody. Appellant has assigned error on this judgment.

■ In his petition in the trial court, appellee contended that his incarceration under the circumstances set out above violated the Fifth Amendment to the United States Constitution which provides in part "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . nor be deprived of life, liberty, or property, without due process of law." *Code* § 1-805. No issue is raised here regarding the United States Constitution since the double jeopardy provision of the Fifth Amendment thereto does not apply to trials in state courts. Brock v. North Carolina, 344 U. S. 424 (73 SC 349, 97 LE 456); *Lewis v. State Bd. of Medical Examiners,* 162 Ga. 263 (133 SE 469).

■ Appellee also contended in the lower court that his sentences constituted a cruel and unusual punishment prohibited by Art. I, Sec. I, Par. IX of the Georgia Constitution (*Code Ann.* § 2-109). The purpose of this provision of our Constitution was explained in *Whitten v. State,* 47 Ga. 297, and in *Sims v. Balkcom,* 220 Ga. 7 (136 SE2d 766). This court said "so long as

they [the legislature] do not provide cruel and unusual punishments, such as disgraced the civilizations of former ages, and make one shudder with horror to read them, as drawing, quartering, burning, etc., the Constitution does not put any limit upon legislative discretion." *Whitten v. State,* 47 Ga. 297, 301, and *Sims v. Balkcom,* 220 Ga. 7, 10, supra. The sentences imposed upon the appellee here are not the type of punishment which falls within this Constitutional provision.

■ Appellee's petition also stated "that having been convicted of the offense of burglary which necessarily carried with it as an attempt to commit a felony, to wit, attempted rape, he could not thereafter be convicted of the attempted rape as a separate offense where both offenses resulted out of the same transaction and at the same time, in the same place, and directed upon the same person." Appellee relied upon Art. I, Sec. I, Par. VIII of the Georgia Constitution (*Code Ann.* § 2-108) which provides that "no person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his, or her own motion for a new trial after conviction, or in case of mistrial." Appellee also relied upon the case of *Harris v. State,* 193 Ga. 109 (17 SE2d 573) in which this court set out what is known as the "same-transaction" test to determine whether there has been former jeopardy.

The rule of the *Harris* case, as we read it, is not applicable to this case for the following reasons. In explaining what the court meant by the "same-transaction" test, it was said "it therefore appears that this court in numerous decisions, although recognizing as controlling the 'same-transaction' test, in its efforts to elucidate what in fact constitutes the same transaction, has nevertheless applied elements pertaining to the 'same-evidence' rule; and in doing so has recognized the generally approved principle, that, in order for the transaction to be the same, it must be identical both as a matter of fact and as a matter of law." *Harris v. State,* 193 Ga. 109, 116, supra. (Citations omitted.) The court further said that "under the general principle of the same-transaction test, the plea [former jeopardy] is ineffective if the offense charged in the two indictments, though relating to the identical transaction, are legally

separate and distinct. The courts of this State and the text writers have recognized that a single act may constitute two or more distinct and separate offenses." Id., p. 118. (Citations omitted.) Assuming *arguendo* that this case presents the same transaction as a matter of fact, this case clearly involves offenses which are legally separate and distinct. Not only are the elements of the crimes of burglary and assault with intent to rape substantially different, but the former crime is one against the habitation while the latter is a crime against the person. This case does not present a situation in which the "same-transaction" test of the *Harris* case when applied would have placed the appellee in former jeopardy.

In 22 CJS 768, Criminal Law, § 292 it is stated that "a prosecution for assault with intent to commit rape is not barred by a prosecution for burglary. . ." There is other authority stating that "the fact that one has been in jeopardy for one act is no bar to a prosecution for a separate and distinct act, though the other act is so closely connected in point of time that it is impossible to separate the evidence relating to either on the first trial." 21 Am. Jur. 2d 242, Criminal Law, § 188. Furthermore, "a single act may constitute two or more distinct and separate offenses. . ." 21 Am. Jur. 2d 243, Criminal Law, § 189.

Finally, the case of Harris v. State, 206 Tenn. 276 (332 SW2d 675) will illustrate the view we take of this case. There the defendant was convicted of burglary and while his appeal was pending, he was tried and convicted of assault with intent to rape. The same evidence used to convict him of the burglary was used in his trial for the assault. The defendant, as here, pleaded former jeopardy under a state constitutional provision substantially similar to our own. On appeal from the second conviction, the Supreme Court of Tennessee said "it is manifest that there were two different and separate offenses committed by the defendant at that time, and the conviction for one is not a bar to a prosecution for the other. The offense of burglary and assault upon a female with intent to commit rape do not constitute the same offenses."

For the reasons stated above, the court erred in granting a

writ of habeas corpus and releasing the appellee from custody. *Judgment reversed. All the Justices concur.*