25122.  MARTIN v. THE STATE.

Submitted April 16, 1969—Decided April 24, 1969.

*E. T. Hendon, Jr., M. M. Armistead,* for appellant.

*Richard Bell, District Attorney, Hardaway Young, III, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans,* for appellee.

Mobley, Justice. Winfred Furman Martin appealed from his conviction of the offense of rape, and the life sentence entered thereon. The first six enumerations of error relate to the admissibility of certain evidence. Enumerations of error 3, 5, and 6 have been withdrawn. The seventh enumeration of error assigns as error the denial of the motion for new trial, as amended. In the brief for the appellant it is stated that the denial of the motion for new trial was error for the reasons stated in connection with the preceding enumerations of error, and it is therefore unnecessary to consider any grounds of the motion except those specifically referred to in the enumeration of errors.

■ It is contended that it was error to permit a witness for the State, Detective R. L. Hart, to answer in the affirmative, over the objection that the testimony was hearsay, the following question: "Did you ever go with her [the victim] and did she point out to you the place where this rape occurred?" There is no merit in this contention. *Clark v. State,* 222 Ga. 802 (1) (152 SE2d 692).

■ Error is assigned on the failure of the court to grant a mistrial under the following circumstances: While Detective R. L. Hart was under cross examination by counsel for the appellant, counsel stated: "Let me get the pictures the solicitor has." The witness then stated: "The first picture you have there, it is written on the back, on the day after we had this picture she picked it out of an album." Counsel for the appellant requested that the jury be excused, and after they left he made a motion for a mistrial on the ground that the witness volunteered information totally unresponsive to any question propounded to him, and stated that the victim picked the ap-

pellant's picture out of an album, which could only mean a "mug" album, and that would be putting his character in issue. The court stated that he did not feel that the witness had disclosed anything that would place the appellant's character in issue and require the grant of a mistrial. When the jury returned he addressed them as follows: "Gentlemen, before you were excused, the witness referred to an album containing some pictures that he was not asked about. I charge you that any album or any other source of pictures that he has not been asked about is not relevant on the trial of this case and that the jury will not consider it. I will instruct the witness as I have outside your presence that he will answer only questions that are directed to him and not bring extraneous matters into the case and anything except these matters that have been placed in evidence are not relevant and are not for the consideration of the jury and the jury will disregard them." The appellant's attorney thereupon renewed his motion for mistrial.

The testimony of the witness that the victim picked the appellant's picture out of "an album" would not place the appellant's character in issue. Compare *James v. State*, 223 Ga. 677 (11) (157 SE2d 471). Furthermore, the trial judge, in language carefully designed not to prejudice the appellant's case, instructed the jury not to consider any irrelevant matter in the testimony, and admonished the witness not to bring extraneous matter into the case. It was not error for the court to refuse to grant a mistrial.

■ The appellant contends that it was error to refuse to strike testimony of Detective R. L. Hart in response to the following question: "Detective Hart, after you arrested the defendant, did you notice anything unusual about his hand?" The witness replied: "Yes, sir, a bite on his right thumb." The significance of this testimony was that the victim had testified that she had bitten her attacker's hand, and the only real issue in the case was the identification of the attacker.

Counsel for the appellant objected to this testimony and moved to strike it on the ground that it was a conclusion of the witness. The trial judge ruled: "He may describe what he saw." Counsel for the State then asked: "What did you

see?" The witness replied: "I saw a wound on the right thumb." Photographs of this wound were introduced in evidence.

The ruling of the trial judge indicated that the witness could only relate what he saw, and not his conclusions. No further request was made by the appellant's counsel to exclude from the evidence the statement of the witness to which objection was made, and the trial judge was authorized to assume that his ruling on the evidence satisfied the complaint of counsel. There is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*