## 47822. THOMAS v. THE STATE.

SUBMITTED JANUARY 3, 1973 — DECIDED
MARCH 16, 1973.

*Hugh Q. Wallace,* for appellant.

*Fred M. Hasty, District Attorney, W. Donald Thompson, Thomas H. Hinson,* for appellee.

BELL, Chief Judge. ■ Several of the enumerations of error go to the question as to the sufficiency of the evidence which authorized the defendant's conviction of an attempt to commit armed robbery and the court's charge to the jury on that offense. It is argued that since no force and violence was used prior to the attendant placing the gasoline in the tank of the vehicle that under our robbery statute the defendant cannot be convicted on an attempt to commit armed robbery. We disagree. Amended Code § 26-1902 defines armed robbery in part as follows: "A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another, by use of an offensive weapon." At the time the attendant pumped the gasoline into the tank, there was no taking of the property of another within the meaning of the statute. Once the defendant drew the weapon and shot the victim there was an attempt to unlawfully take the property of another, the gasoline, by the use of an offensive weapon. No other reasonable conclusion upon this state of facts can be reached. With respect to the question of the identity of the defendant, the circumstantial evidence is more than sufficient to show that he was a perpetrator of this attempted armed robbery. The mere fact that the victim was not sure or was not positive in this identification or the fact that he testified as to only one identification by photograph as opposed to the police officers' testimony of others cannot cause a reversal in this case. It is to be remembered that other evidence shows that prior to the time of this crime defendant was seen in an automobile fitting the

description of the one that appeared at the gasoline station, in possession of a pistol and wearing a black hat. After the crimes were committed he was observed wearing a black hat and he had a black hat when arrested. Additionally, the defendant admitted having possession of a gun shortly afterwards and a black hat. The conviction for attempted armed robbery was authorized and there was no error in the trial court's charge on this offense.

■ Defendant complains of his conviction of the counts charging him with aggravated assault with a deadly weapon and carrying a pistol without a license. Amended Code § 26-506 (a) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, . . ." The crime of carrying a weapon without a license is not included within the crime of aggravated assault with a deadly weapon. While these offenses arose during one transaction, neither is included within the other, for they involve proof of distinct essential elements. The lesser crime, carrying a pistol without a license, has the element of lack of the issuance of a license by the ordinary. Amended Code § 26-2903. This element is not necessary to prove the greater crime of aggravated assault with a deadly weapon. The result in this case is even more demanded in view of the evidence that the defendant was in possession of the pistol *before* and *after* the commission of the robbery and aggravated assault. This enables one to clearly comprehend that the elements of the crimes were not identical and that they are separate and distinct ones, each of which separately or together will sustain a conviction.

Thus there was no error committed in charging the jury on both offenses; in failing to charge that defendant could not be convicted of both; or in sentencing the defendant

on both offenses.

■ Defendant admitted having possession of a gun shortly after the alleged commission of this crime and in having a black hat. This part of his unsworn statement authorized the court's charge on admissions and these admissions were related to all the offenses.

■ Several state witnesses were permitted to testify concerning out of court identification made by the victim during a police lineup and when a number of photographs were exhibited to him. This testimony was admissible. *Montos v. State,* 212 Ga. 764 (5, 6) (95 SE2d 792).

■ The victim testified that the police exhibited photographs to him which he referred to as "mug shots." Objection was made on the grounds that this reference to the photographs as "mug shots" tended to place the defendant's character in evidence as the term "mug shot" generally implies the picture of a criminal or suspected criminal. To this objection the court ruled that the witness would refer to the photographs as photographs rather than as "mug shots" but refused to instruct the jury to disregard the testimony terming the photographs as "mug shots." This evidence did not place the defendant's character in issue. See *Cooper v. State,* 182 Ga. 42 (2) (184 SE 716,104 ALR 1309) and *Martin v. State,* 225 Ga. 234 (167 SE2d 638); *Creamer v. State,* 229 Ga. 704 (2) (194 SE2d 73).

*Judgment affirmed. Eberhardt, P. J., Pannell, Quillian, Evans, Clark and Stolz, JJ., concur. Hall, P. J., concurs in the judgment. Deen, J., dissents.*

Deen, Judge, dissenting. I dissent to Division 2 and to the judgment of conviction as to the lesser crime of carrying a pistol without a license.

A majority of this court in the recent cases of *Burns v. State,* 127 Ga. App. 828 (195 SE2d 189), and *Sturgis v. State,* 128 Ga. App. 85 (195 SE2d 682), held that where two offenses allegedly took place on the same date and that where the evidence shows they arose out of the same

transaction the lesser crime merges with the greater and that a conviction on both counts cannot stand. *Burns,* supra, and *Sturgis,* supra, involved heroin and marijuana, and the same rule and standard in narcotic cases must be applied uniformly in all other crimes where there are multiple convictions.

In the case before us, the majority opinion states in Division 2: "While these offenses arose during one transaction, neither is included within the other, for they involve proof of distinct essential elements. The lesser crime, carrying a pistol without a license, has the element of lack of the issuance of a license by the ordinary. Amended Code § 26-2903. This element is not necessary to prove the greater crime of aggravated assault with a deadly weapon." This is exactly the identical point I unsuccessfully tried to make in *Burns* and *Sturgis,* supra. There I pointed out that while the offenses of *selling* the drugs and in *carrying* and *possession* of the drugs without a license (or prescription) arose during one transaction, neither is included within the other for they involve proof of distinct essential elements. The lesser crime, carrying or possessing the narcotics without a license or prescription, has the element of lack of the issuance of a license by drug authorities or a druggist. This element is not necessary to prove the greater crime of the illegal sale of drugs. *Gee v. State,* 225 Ga. 669 (5) (171 SE2d 291) is still binding on this court as it has been cited by our Supreme Court since the effective date of the present Criminal Code. See *Roberts v. State,* 228 Ga. 298, 299 (185 SE2d 385). I concur with the holding in *Roberts,* supra, as the possession of the pistol in that case involved *any possession of a pistol, with or without a license,* while committing armed robbery is always as a matter of law and fact includable in the greater crime. There were no essential elements in the lesser crime not contained in the greater. There is no way one can commit the greater crime of aggravated assault with a pistol without having

some kind of possession of the pistol, either legal possession or illegal possession. There is no way one can commit the greater crime of illegally selling narcotics without some kind of possession of narcotics, either legal possession or illegal possession. Actually the type possession ought to be totally immaterial and irrelevant when proving the greater crime. Subsequently, if the type possession is illegal, this is a separate offense, separately punishable and not mergeable and includable with the greater crime. The new Criminal Code gives no indication of lumping all lesser crimes, ones having all essential elements of the greater crime, and ones having different essential elements into one category.

Our new Criminal Code gives several well defined examples of lesser includable crimes. See Code Ann. §§ 26-1004, 26-1303 and 26-1902. *Not one example is given where the lesser crime has different essential elements in the lesser not contained in the greater.*

One has a constitutional right to bear arms but does not have a similar right to bear or possess marijuana, heroin and narcotics. If we construe Code Ann. § 26-506 so as to forgive extra punishment of the lesser crime of illegally possessing narcotics we must also classify the illegal possession of a pistol as a lesser includable crime and likewise eliminate extra punishment here and in all other multiple type lesser crimes whether or not there exists different essential elements in the lesser crime. Narcotic related crimes account for a large percentage of all crime. The same rule must be applicable to all crimes alike. This includes narcotic crimes.

I would be willing and strongly urge overruling *Burns* and *Sturgis,* supra, but until this is done we are bound to uniformly apply this classification of includable crimes to all crimes committed involving lesser crimes arising out of the same transaction.

I respectfully dissent.