49508, 49509. HIATT v. THE STATE (two cases).

CLARK, Judge.

These two appeals are from convictions upon a two-count indictment. Count 1 charged defendant with a felony, that being criminal damage to property in the second degree (Code Ann. § 26-1502) by intentionally damaging specific furniture located in Apartment J8 of the Chelsea Village Apartments which damage totaled $613.70. Count 2 was for a misdemeanor, which was criminal trespass (Code Ann. § 26-1503) in that on the same day defendant damaged "the door framing and door located in apartment J3, another apartment of this apartment complex, and the amount of damage is alleged to be $75." A reversal is sought on the basis of three assignments of error.

1. The first enumeration asserts that "The trial court erred in admitting, over objection, opinion evidence of value tendered by a non-expert witness, in that no showing was made by the state that the witness had any opportunity for forming a correct opinion, as required by Ga. Code 38-1709."

The witness was the property manager for the apartment complex, a position he had held for approximately six months. He testified he had purchased approximately $2,000 worth of furniture during the

month before trial, that he bought the items where small amounts were involved, and took bids where large amounts were involved. He had also handled insurance claims. He had not replaced any of the furniture damaged in this incident but he had noted the replacement cost at wholesale plus 10% for the identical damaged items as shown by the price list at the store from which these items had originally been purchased. He then testified as to the extent of damage to each item and its replacement cost.

"It is said in Lawson's Exp. & Op. Ev. (2d Ed.) 468: 'As in the case of other opinion evidence, the qualification of a witness to express an opinion as to value is a preliminary question for the trial court, whose decision will not usually be disturbed on appeal.' " *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 4 (76 SE 387). "Market value is exclusively a matter of opinion even though expressed as a fact. It may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion. If it is based on hearsay this would go merely to its weight and would not be a ground for valid objections. [Cits.]" *Schoolcraft v. DeKalb County,* 126 Ga. App. 101, 103 (189 SE2d 915).

*Johnson v. Rooks,* 116 Ga. App. 394, 396 (157 SE2d 527), points out that "This Court has held that testimony of a witness that he is familiar with the value of the item in question is sufficient foundation to allow evidence as to the value [cits.]. Georgia law permits testimony as to value whenever the witness gives his reasons therefor or shows he has an opportunity for forming a correct opinion. Code §§ 38-1708, 38-1709. We can not hold as a matter of law that the evidence offered to support the witness's opinion was insufficient to allow the value testimony to go to the jury."

We therefore hold there is no merit to this enumeration.

2. Appellant's second enumeration argues that the court erred "in allowing the jury to pass upon the credibility of a witness as to evidence of value (T. 92) when the evidence was insufficient as a matter of law to support an essential element of the alleged offense, all over objection of the defendant." The question of

credibility was injected by the court at the time that the defense objected to the state's witness being requested to "Tell us what items were damaged and what the value of the damage was, or what the replacement value was." (T. 92). When defense counsel said, "Object to that on the basis that he has not been qualified sufficiently," the court's ruling was: "I will allow him to testify and the jury will pass upon, eventually, his credibility." As we have ruled in the prior division of this opinion that the witness was qualified, and as the credibility of a witness is for the jury to determine, the court's ruling was correct.

3. The final enumeration asserts the conviction to be illegal and void in that defendant was found guilty of two offenses when each had "arisen out of the same transaction of the same date."

"When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Code Ann. § 26-506 (a).

Here defendant was convicted of criminal damage to property in the second degree (a felony) and criminal trespass (a misdemeanor). While the same type of conduct by the defendant was the basis of each charge, it is clear that there were two offenses committed at different apartments under different tenancies. Defendant committed the felony in destroying the furniture in the apartment (J8) leased to him. The misdemeanor involved damage done to the property in another apartment (J3) leased to another tenant. Although they occurred on the same day, they were at different times. The state's case here was similar to that of *Steele v. State,* 227 Ga. 653, 658 (182 SE2d 475) in that it prosecuted on the basis that it was ". . . the same *type* of conduct, reoccurring in a number of instances," and not in reliance upon the same conduct.

"[I]n order for the transaction to be the same, it must be identical both as a matter of fact and as a matter of law. [Cits.]" *Harris v. State,* 193 Ga. 109, 117 (17 SE2d

573); *Dutton v. Smart,* 222 Ga. 35, 37 (148 SE2d 396).

Therefore the evidence offered here is in accord with the holding in *Estes v. State,* 98 Ga. App. 521, 523 (106 SE2d 405), that "It has always been the law that where separate counts are contained in an indictment the evidence must be sufficient *as to each count* and must be sufficient to show that the several counts relate to distinct transactions."

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JULY 1, 1974 — DECIDED SEPTEMBER 10, 1974 — REHEARING DENIED OCTOBER 24, 1974 — 

*Gray & Nelson, Donald O. Nelson, J. Bruce Richardson,* for appellant.

*George W. Darden, District Attorney, Richard L. Moore, Assistant District Attorney,* for appellee.