## 63855. COLEMAN v. THE STATE.

CARLEY, Judge.

During the July 1981 term of Superior Court of Dougherty County, appellant was tried and convicted for an armed robbery which had occurred on April 4, 1981. Subsequently, during the November 1981 term, appellant was indicted for a violation of Code Ann. § 26-2914, which makes it a felony for a convicted felon to receive, possess, or transport firearms. This subsequent indictment charged that appellant, "having been convicted on May 1, 1980, by a court of competent jurisdiction, of the offense of Burglary, a felony,... did possess a firearm on April 4, 1981, and did use said firearm as an offensive weapon during [the same] Armed Robbery" for which appellant had previously been convicted.

To this indictment, appellant filed a plea of autrefois convict. In this plea, appellant relied upon the provisions of Code Ann. § 26-506 (a): "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." The trial court denied appellant's plea but certified the order for immediate review. Appellant's application to this court for an interlocutory appeal from the order denying his plea of autrefois convict was granted.

Appellant asserts that the crime charged in the subsequent indictment is a lesser included offense in the crime of armed robbery for which he was previously tried and convicted. In this argument, appellant equates his alleged violation of Code Ann. § 26-2914 with the offense of possession of a firearm during the commission of a

crime and relies upon the holding in *High v. State,* 247 Ga. 289, 294 (12) (276 SE2d 5) (1981): Where "the evidence discloses that the crime of armed robbery was committed with the same firearm as that for which the appellant is charged with possessing, the lesser crime of possession of a firearm during the commission of a crime is included in the greater crime of armed robbery. [Cits.]"

However, unlike the offense of possessing a firearm during the commission of a crime, a violation of Code Ann. § 26-2914 is not "included" in the crime of armed robbery even though both offenses arose during one transaction. "[N]either is included within the other, for they involve proof of distinct essential elements. The lesser crime, [Code Ann. § 26-2914], has the element of [status as a previously convicted felon]. This element is not necessary to prove the greater crime of [armed robbery]. The result . . . is even more demanded in view of the [fact that a violation of Code Ann. § 26-2914 may exist] *before* and *after* the commission of the [armed] robbery . . . This enables one to clearly comprehend that the elements of the crimes [are] not identical and that they are separate and distinct ones, each of which separately or together will sustain a conviction." *Thomas v. State,* 128 Ga. App. 538, 541 (197 SE2d 452) (1973).

The conduct prohibited by Code Ann. § 26-9908a is the possession of a firearm or knife during the commission of or the attempt to commit a crime. The conduct prohibited by Code Ann. § 26-1902 is the commission of a robbery by use of an offensive weapon. Thus, where one has committed an armed robbery by use of a firearm, this same conduct standing alone and without further proof also demonstrates a violation of Code Ann. § 26-9908a, possession by the armed robber of a firearm during the commission of a crime. Under these circumstances, the two crimes demonstrated by the same conduct "merge," the lesser crime being "included" in the greater. However, proof of the commission of an armed robbery by use of a firearm does not, without more, serve to demonstrate a violation of Code Ann. § 26-2914. To show a violation of Code Ann. § 26-2914 the state must also prove that the armed robber was a convicted felon, just as in *Thomas,* supra, it was required to show additionally that the assailant had no license for the pistol used in the aggravated assault. Accordingly, we hold that the conduct of a convicted felon in using a firearm to perpetrate an armed robbery constitutes a violation of Code Ann. § 26-1902 *and* a violation of § 26-2914, and the perpetrator may be prosecuted for the commission of each of these crimes. It was not error to deny appellant's plea of autrefois convict premised upon Code Ann. § 26-506 (a).

Appellant also asserts that it was error to deny his plea under the provisions of Code Ann. § 26-506 (b): "If the several crimes arising

from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution . . ." This "non-joinder" argument is premised upon the "procedural aspect" of the double jeopardy principle and is essentially the opposite of appellant's "inclusion" argument, discussed above, which relates to the "substantive aspect" of that principle. See *State v. Estevez,* 232 Ga. 316, 318-319 (206 SE2d 475) (1974); *Mann v. State,* 160 Ga. App. 527 (287 SE2d 325) (1981). The basis for appellant's "non-joinder" argument, unlike the "inclusion" argument, is that the instant indictment alleges the commission of a "separate" non-included offense arising out of the "same conduct" upon which his former prosecution for armed robbery was based. Appellant therefore urges that a subsequent prosecution for a violation of Code Ann. § 26-2914 pursuant to this indictment is barred because the crime alleged therein was not prosecuted jointly with the armed robbery. See generally *State v. Gilder,* 145 Ga. App. 731 (245 SE2d 3) (1978); *Mann v. State,* 160 Ga. App. 527, supra.

We do not reach the merits of appellant's "non-joinder" argument. It does not appear that a plea of autrefois convict raising such "non-joinder" grounds was filed in the trial court. See *Jones v. State,* 226 Ga. 747 (1) (177 SE2d 231) (1970). Appellant's written plea raised only the Code Ann. § 26-506 (a) "inclusion" grounds which, for the reasons discussed, we have found to be without merit. "It is a general principle that a party cannot assert one ground in support of a plea, motion, or objection in the trial court and then expect the appellate court to review an entirely new ground to which he has switched on appeal. The appellant must necessarily be limited on appeal to the grounds which he properly presented in the trial court." *Lundy v. State,* 119 Ga. App. 585, 587 (168 SE2d 199) (1969).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JULY 7, 1982—
REHEARING DENIED JULY 19, 1982 — 

*B. Samuel Engram, Jr.,* for appellant.
*Hobart M. Hind, District Attorney,* for appellee.