65418. BIVINS v. THE STATE.
65662. DEMPS v. THE STATE.

CARLEY, Judge.

Appellants in these companion cases were jointly indicted and tried for one count of armed robbery, two counts of violating the Georgia Firearms and Weapons Act by possessing sawed-off shotguns, one count of possession of a firearm by a convicted felon and one count of fleeing and attempting to elude a police officer. With regard to the armed robbery count, the trial court directed a verdict of acquittal for appellant Bivins and the jury returned a verdict of not guilty for appellant Demps. The jury returned guilty verdicts against both appellants as to all of the remaining counts. Appellants appeal from the judgments of conviction and sentences entered on the guilty verdicts. Their respective appeals have been consolidated for appellate review.

1. Appellants enumerate as error the failure of the trial court to give their requested charges on justification as a defense to the firearm possession counts. It appears that, although given the opportunity to do so in the trial court, appellants neither raised any objection to the charge, nor reserved the right to except to the trial court's charge at a later time.

"The general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. [OCGA § 5-5-24 (a) (Code Ann. § 70-207).] The right to raise an erroneous charge on appeal may be lost only in certain well-defined instances, as where . . . defense counsel in response to an inquiry by the trial judge plainly states that he has no objections to the charge as given. [Cit.]" *Lumpkin v. State,* 249 Ga. 834, 835 (295 SE2d 86) (1982). "[A]ny rights available to a criminal defendant under [OCGA § 5-5-24 (a) (Code Ann. § 70-207)] are waived when defense counsel states he has no objections to the charge. Such is the rule in this state, and we are neither inclined nor empowered to change it." *Burgess v. State,* 162 Ga. App. 212 (290 SE2d 554) (1982).

"The Supreme Court in *White v. State,* 243 Ga. 250, 251 [(253 SE2d 694) (1979)], citing *Gaither v. State,* 234 Ga. 465, 466 [(216 SE2d 324) (1975)], held that '[w]here the trial court inquires whether there was objection and the defendant's counsel states that he reserves the right to object in his motion for new trial or appeal, there is no waiver.' Defendant's counsel simply cannot ignore the court's inquiry, else he waives his right to future objection. Here, the defendant[s] had made certain written requests which were not given and under the above cases [their] reply should have been that [they] expressly object[ed] to the failure to charge [their] particular written

requests or that [they] reserve[d] [their] right to a future objection to the charge in [their] motion[s] for new trial or appeal[s]." *Dempsey v. State,* 162 Ga. App. 390 (291 SE2d 449) (1982). "In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State,* [supra], and approved in *White,* of reserving the right to object on motion for new trial or on appeal. Here defense counsel neither objected nor reserved the right to later object, and under such circumstances, the defendant has waived the right to raise the issue on appeal." *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855) (1980). Compare *Arnold v. State,* 157 Ga. App. 714 (278 SE2d 418) (1981) (appellant "did reserve the right to object to any of the charges at the appropriate time"); *Nelms v. State,* 150 Ga. App. 720 (258 SE2d 531) (1979) (the trial court "made no such attempt to elicit objections to the charge").

Based upon the foregoing legal principles, appellants have waived any right to assert error in the trial court's charge. "Our holding is not to be construed to mean that any of the enumerated errors have merit, but rather merely that the right to even raise these issues has been waived." *Devoe v. State,* 249 Ga. 499 (292 SE2d 72) (1982).

2. Appellant Demps enumerates as error the general grounds with regard to his conviction for fleeing and attempting to elude a police officer. The relevant statute, OCGA § 40-6-395 (a) (Code Ann. § 68A-904), provides: "Any *driver of a vehicle* who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor." (Emphasis supplied.) It is appellant Demps' contention that he was only a passenger in the vehicle which was being driven by appellant Bivins and that only the latter could be found guilty of violating the above quoted statute.

Although appellant Bivins was the driver of the vehicle, it appears that appellant Demps took advantage of the unlawfulness of the high speed automobile chase to throw the two sawed-off shotguns out of the car. We believe that this evidence "was sufficient to show that appellants acted in concert between themselves ... in an effort to effect an unlawful escape from the police. 'Conspiracy may be established by inference, as a deduction from acts and conduct establishing a common design to act together for the accomplishment of an unlawful purpose. [Cits.] Once that common design is shown by evidence tending to indicate that the individuals have associated themselves together to do an unlawful act, any act done in pursuance of that association by any one of the associates, would, in legal

contemplation, be the act of each of them.' [Cits.]" *Ford v. State,* 163 Ga. App. 745, 746 (296 SE2d 85) (1982).

3. Appellant Demps contends that his conviction of possession of sawed-off shotguns and of possession of a firearm by a convicted felon are based upon the same evidence and that both convictions cannot stand. This argument is premised upon the provisions of OCGA § 16-1-7 (a) (1) and (2) (Code Ann. § 26-506): "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."

The conduct prohibited by OCGA § 16-11-131 (b) (Code Ann. § 26-2914) is the receipt, possession or transportation of "any firearm" by "[a]ny person who has been convicted of a felony . . ." The conduct prohibited by OCGA § 16-11-122 (Code Ann. § 26-9911a) is the possession by any person of a "sawed-off shotgun, sawed-off rifle, machine gun, dangerous weapon, or silencer . . ." Under these statutes, an essential element of the former crime, but not of the latter, is the status of the accused as a convicted felon, whereas an essential element of the latter crime, but not of the former, is the type of weapon possessed. Thus, when a convicted felon is in possession of a sawed-off shotgun, two separate and distinct crimes are being committed because a prohibited person is in possession of a prohibited weapon. One crime is not "included" in the other and they do not merge. " '[N]either is included within the other, for they involve proof of distinct essential elements . . .' [Cit.]" *Coleman v. State,* 163 Ga. App. 173, 174 (293 SE2d 395) (1982). The trial court did not err in sentencing appellant Demps for both crimes.

4. Appellant Demps asserts that the jury's verdicts finding him guilty of the crimes of possession of a firearm by a convicted felon and of possession of a sawed-off shotgun are inconsistent with its verdict finding him not guilty of the crime of armed robbery. Clearly, under the evidence the jury was authorized to find that appellant Demps, a convicted felon, was in unlawful possession of two sawed-off shotguns, but that he did not use them to effectuate a robbery. The verdicts are not inconsistent. See generally *Jackson v. State,* 230 Ga. 640 (198 SE2d 666) (1973).

*Judgments affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 11, 1983.

*L. Howard Freeman, Jr.,* for appellant (case no. 65418).
*Michael S. Bennett,* for appellant (case no. 65662).
*H. Lamar Cole, District Attorney, Fred R. Simpson, Assistant District Attorney,* for appellee.