66814. SANFORD v. THE STATE.
66815. NICELY v. THE STATE.

CARLEY, Judge.
Appellants were tried before a jury under a three count indictment. Count I alleged that appellants had violated OCGA § 27-3-13 (Code Ann. § 45-511) by hunting game animals from a motor vehicle. Count II alleged a violation of OCGA § 27-3-10 (Code Ann. § 45-509), which provides that it is unlawful to hunt wildlife upon a public road. Count III alleged that appellants had hunted game animals at night with a light exceeding six volts, in violation of OCGA § 27-3-2 (Code Ann § 45-502). The jury returned guilty verdicts as to all three counts.

Each appellant filed a separate notice of appeal from the judgments of conviction and sentences entered on the guilty verdicts. Their appeals present the same question for review. Accordingly, the two appeals will be treated as companion cases for purposes of appellate review.

Appellants do not contest the sufficiency of the evidence to authorize a finding that they were hunting game animals at night, upon a public road, with a light exceeding six volts. What appellants do assert is that this evidence would authorize but one conviction because all three crimes for which they were prosecuted were included "as a matter of fact." *Gunter v. State,* 155 Ga. App. 176 (2) (270 SE2d 224) (1980). The basis of this contention is that, under the evidence adduced at trial, all three crimes occurred simultaneously as part of one transaction. Appellants do not suggest however, which two crimes have been merged into the other.

"When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." OCGA § 16-1-7 (Code Ann. § 26-506). For purposes of this statute, one crime is not included in the other if " 'they involve proof

of distinct essential elements . . .' [Cit.]" *Coleman v. State,* 163 Ga. App. 173, 174 (293 SE2d 395) (1982). *Bivens v. State,* 166 Ga. App. 580, 582 (305 SE2d 29) (1983). As the two crimes alleged to have merged in *Coleman* and in *Bivens* shared the essential elements of possession of a firearm, the three crimes alleged to have merged in the instant cases share the essential element of hunting game animals or wildlife. However, as was the case with the crimes in *Coleman* and in *Bivens,* each of the three crimes in the instant cases has an additional essential element distinct from the others. In addition to "hunting" game animals or wildlife, OCGA § 27-3-13 (Code Ann. § 45-511) proscribes engaging in that activity "from . . . a motor vehicle," whereas OCGA § 27-3-10 (Code Ann. § 45-509) prohibits that activity from taking place "upon any public road in this state," and OCGA § 27-3-2 (Code Ann. § 45-502) makes it unlawful to hunt at night with a light exceeding six volts. Proof of each of the distinct, essential elements of the "hunting" activity proscribed by OCGA §§ 27-3-2, 27-3-10, and 27-3-13 (Code Ann. §§ 45-502, 45-509 and 45-511) respectively will authorize punishment, as well as prosecution, for three separate crimes. *Thomas v. State,* 128 Ga. App. 538 (197 SE2d 452) (1973); *Coleman v. State,* supra; *Bivens v. State,* supra.

By introducing evidence authorizing a finding as to the distinct essential elements of the three crimes charged, the state in the instant case met its burden of proving that appellants were conducting their hunting activity in such a manner as to be guilty of three separate and unmerged offenses. Compare *Estevez v. State,* 232 Ga. 316 (206 SE2d 475) (1974); *Gunter v. State,* supra. Each conviction in the instant cases rests upon the common element that appellants were engaged in hunting, but each also rests upon proof of additional distinct elements not shared with the others. It was not error to enter judgments of conviction and sentences as to the three crimes.

*Judgments affirmed. Banke, J., concurs. Deen, P. J., concurs specially.*

DECIDED FEBRUARY 9, 1984.

*William T. Elsey,* for appellants.
*Darrell E. Wilson, District Attorney,* for appellee.

DEEN, Presiding Judge, concurring specially.

In one of the leading cases as to included crimes and merger, *State v. Estevez,* 232 Ga. 316, 319, 320 (206 SE2d 475) (1974), Justice Undercofler, speaking for a unanimous court, wrote that after the adoption of the 1968 Criminal Code a crime is an included crime and multiple punishment is barred if it is the same as a matter of fact *or* as

a matter of law.

In *Estevez* the court held that illegal possession of drugs and illegal sale of drugs are separate crimes as a matter of law. It further held that the evidence required for conviction as to the illegal sale was the only evidence reflecting the illegal possession. The latter crime was included in the former as a matter of *fact;* therefore, merger occurred and multiple punishment was barred. Note my dissent on this point in *Burns v. State,* 127 Ga. App. 828, 830 (195 SE2d 189) (1973), and in *Estevez v. State,* 130 Ga. App. 215, 218 (202 SE2d 686) (1973). I argued in those cases that one who was convicted of illegal possession and illegal sale of drugs should be punished for two crimes, while another who may have had legal possession and made an illegal sale should be punished for only one crime.

In the instant case the evidence required to convict the appellant of hunting game animals at night with a light exceeding six volts, in violation of OCGA § 27-3-2 (Code Ann. § 45-502), was the only evidence of the simultaneous occurrence or transaction that it was being done from a motor vehicle, violating OCGA § 27-3-13 (Code Ann. § 45-511), and, likewise, the same evidence reflecting that the wildlife was hunted upon a public road in violation of OCGA § 27-3-10 (Code Ann. § 45-509).

In the Supreme Court case of *Estevez,* sale and possession were separate crimes as a matter of law, and each had an additional essential element distinct from each other as a matter of fact. (Illegal sale of drugs does not always include illegal possession, as one might have a doctor's prescription; therefore, the possession in that particular example would be legal, while if there were no prescription the possession would be illegal.)

In the case under consideration we have separate crimes as a matter of law, but the evidence sustaining a conviction of hunting game animals at night with a light exceeding six volts was the only evidence also reflecting it done upon a public road and from a motor vehicle.

While the sale of drugs (hunting game animals at night with a light exceeding six volts) may be accomplished without the possession being illegal (may be done without using a motor vehicle and upon a public road), the only evidence of the greater crime was the same as bearing on the lesser as a matter of fact; therefore, it can be articulated that merger obtains. In selling illegal drugs the defendant must have some type of possession of drugs, which may be legal or illegal possession. In hunting game animals at night, there likewise must be a physical presence of the defendant on some space, which presence may be legal or illegal. If he is on his own property, this would be legal presence. If he were trespassing on the property of

others, this would be illegal presence or illegally occupying space. It could be argued that this defendant's occupying of space happened to be illegal while committing the illegal act of hunting game animals at night; that is, instead of being on his own property he was in an automobile and on a public road. This added up to committing three crimes, yet the only evidence of the latter two was that which was shown in the evidence as to the greater crime. This question is extremely close as to whether or not the convictions on Counts I and II should have merged in Count III and that, therefore, the first two should be reversed.

I reluctantly concur in the judgment only as to all three counts, as there may be a slight difference between the two examples discussed.