## 75080. FREEMAN v. THE STATE.
### (362 SE2d 413)

DEEN, Presiding Judge.

Appellant, James C. Freeman, was Sheriff of Spalding County from 1981-1984. When he sought reelection, he was defeated by Richard Cantrell, a former deputy. After the new sheriff took office, he asked the GBI to investigate "possible improprieties" at the Sheriff's Department. As a result, charges were brought before the grand jury which returned six indictments against Freeman, each containing multiple counts. The indictments alleged either theft by taking or violation of oath by a public officer. Appellant's wife, who was his secretary during a portion of his tenure as sheriff, was charged with multiple counts of theft by taking in two different indictments. Appellant moved to sever their trials, but the motion was denied and they were tried together. The court granted directed verdicts of acquittal to Julia Freeman on both indictments and in favor of appellant on two indictments. The jury returned guilty verdicts on three indictments and not guilty on one. This appeal follows the denial of his motion for a new trial.

1. Appellant first contends that the charges of violation of oath by a public officer and theft by taking in two indictments merged. He claims that the dates and amounts correlated exactly, count by count, and therefore violated OCGA § 16-1-7 (a), the codification of the bar against double jeopardy. This code section provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." One crime is not included in the other if "they involve proof of distinct essential elements." *Coleman v. State*, 163 Ga. App. 173, 174 (293 SE2d 395) (1982); *Bivins v. State*, 166 Ga. App. 580, 582 (305 SE2d 29) (1983). The crimes of theft by taking and violation of oath by a public officer have distinct elements. See *Sanford v. State*, 169 Ga. App. 769 (315 SE2d 281) (1984). The essential elements of theft charges are that appellant, while in possession of certain funds which were the property of Spalding County, unlawfully appropriated them with the intention of depriving the county of these funds. Violation of oath by a public officer requires the State to prove that appellant was a public officer and that he violated his oath of office by receiving more than his lawful fees. There is an overlapping of proof in that the violation of the oath of office was proven by the taking of funds belonging to the county which was derived from pay phones and probation fees. Proof that appellant took these funds and used them for his own ben-

efit established violation of his oath of office as well as the separate charge of theft by taking. The essential elements for each crime, however, are different. "An accused may be prosecuted for each crime arising from the same conduct. The proscription is that he may not be convicted of more than one crime if one crime is included in the other." *State v. Estevez*, 232 Ga. 316, 320 (206 SE2d 475) (1974). As one offense was not included in the other, this enumeration is without merit.

2. Appellant claims that five counts of indictment number 9233 and five counts of indictment number 9234, both of which allege theft by taking, are part of the same offenses and the convictions obtained should not have been entered on both.

An examination of the two indictments reveals that each alleges theft offenses occurring on five different dates and, while each of the dates is duplicated in the second indictment, the amount allegedly stolen is different. The evidence showed that these amounts represent checks received from two separate sources: Southern Bell and the Probation Department. The State also showed that none of the checks in question were entered on the accounting ledger and there is no indication as to when appellant actually received them. Although appellant's acts in converting these checks were similar, they were not a single transaction and the rule in *Hubbard v. State*, 168 Ga. App. 778 (310 SE2d 556) (1983), does not apply as the acts were not committed at the same time and place as part of a continuous criminal act. The checks in question were received by appellant from two different sources and represented sums of money belonging to Spalding County. In order for the transaction to be the same, it must be identical both as a matter of fact and as a matter of law. *Hiatt v. State*, 133 Ga. App. 111, 113 (210 SE2d 22) (1974). The transactions in the instant case are similar to those in *Hiatt*, supra, in that it was the same type of conduct, recurring in a number of instances. The fact that the checks were received from two different sources and were deposited on the same day is immaterial in determining the number of offenses committed by appellant. His conviction as to each charge was authorized by the evidence.

3. Freeman's contention that directed verdicts of acquittal should have been granted on all the indictments is without merit. The trial court did not err in denying appellant's motion for a directed verdict of acquittal, "as, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Wright v. State*, 253 Ga. 1, 3 (316 SE2d 445) (1984). It proved that appellant, as sheriff, had authority over funds collected by his office which were the property of Spalding County, that these funds were never delivered to the county, and that these funds remained in his

possession. Intent to deprive the county of money was established through the testimony of a witness and proof that the checks received from Southern Bell and the Probation Department were deposited in the bank, but were never entered on the accounting ledger and were not received by the county. There was further evidence that the sheriff used these funds for his own purposes. The State established that appellant had possession of and control over the checks in question and we find that the trial court did not err in denying a motion for directed verdict of acquittal.

The denial of motions for directed verdicts as to indictments 9233 and 9234 did not cause inconsistent verdicts. The evidence showed that appellant directed that all monies received at the jail be turned over to him and that he kept much of this money in his desk drawer to dispense as he pleased. He did this in disregard of a county mandate requiring all funds derived from goods or services on county property be turned over to the county. Appellant's claim that funds were never established to be either "lost" from the sheriff's office or "found" in his possession is without merit. The evidence showed that amounts equal to the Southern Bell and Probation Department payments were diverted from the county and that appellant, as sheriff, received and was responsible for all checks delivered to and received by his department. It is not essential to the proof of the *corpus delicti* that stolen property be recovered. *Ware v. State*, 143 Ga. App. 663 (239 SE2d 552) (1977).

The court's denial of a motion for a directed verdict for failure to prove the identity of the perpetrator was correct. The evidence was uncontroverted that Freeman had possession and control over funds received by his department and that he directed his employees to turn over any money they received directly to him. With regard to the checks from Southern Bell, the evidence showed that appellant stopped turning them over to his secretary so she could enter them in the ledger book a few months after he took office. As to an alleged failure to prove intent, the State provided sufficient evidence from which intent could be inferred by the jury.

4. County and state officials charged with malpractice, misfeasance or malfeasance in office are granted a special right to appear before a grand jury. OCGA §§ 17-7-52; 45-15-11; 45-11-4. Appellant contends that he was never given a copy of proposed indictment number 9233 as required by OCGA § 45-11-4, and that he was not allowed to be present during consideration of proposed indictment number 9231 and his attorney was not permitted to examine the documents that were to serve as evidence. As this issue was not raised in the court below, it will not be considered by this court on appeal. *Lane v. State*, 180 Ga. App. 168 (348 SE2d 711) (1986).

5. It was not an abuse of the trial court's discretion to deny a

severance and require appellant and his wife to be tried together. In exercising this discretion, the trial court must consider whether the number of defendants will create confusion as to the law applicable to each, whether there is a danger that evidence admissible against one would be considered against the other, and whether the defendants' defenses are antagonistic to each other's rights. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). None of these factors were present in the instant case and appellant fails to make a clear showing of any prejudice resulting in the denial of a fair trial. *Tanner v. State*, 176 Ga. App. 77, 78 (335 SE2d 133) (1985). Indeed, the grant of a directed verdict of acquittal in favor of appellant's wife removed her case from the jury's consideration and any possibility of confusion by the jury was removed from the case.

6. The evidence presented at trial, when viewed in a light favorable to the prosecution, was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt. *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 16, 1987 —
REHEARING DENIED NOVEMBER 2, 1987 —

*Michael P. Katz, Virgil L. Brown*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.