## A91A1342. HOWZE v. THE STATE.
(410 SE2d 323)

BEASLEY, Judge.

Appellant, Stanley Howze, and Carlton Lewis Jackson were indicted for armed robbery, OCGA § 16-8-41, and possession of a firearm during commission of a felony, OCGA § 16-11-106. Jackson pled guilty and appellant was convicted of both offenses.

The evidence showed that appellant and Jackson robbed an

Arby's restaurant in DeKalb County. Jackson placed an order at the counter, and appellant stood back of him. Jackson brandished a gun and demanded money from the cash register. Appellant remained in the background and kept looking out of both doors. Jackson became agitated because there was no money in one of the cash registers, and he threatened to kill a restaurant employee if he did not get more money. At that point, another employee opened the drive-through register and pulled out the entire cash drawer. Appellant then approached the employee and instructed him to give appellant the money, which the employee did. Appellant then rejoined Jackson, who told the people in the store to hit the deck, after which he and appellant fled.

Appellant enumerates as error the trial court's denial of his motion for a directed verdict of acquittal, OCGA § 17-9-1 (a), on the count charging him with possession of a firearm during the commission of a crime. He argues first that he cannot be convicted of a firearm possession charge under OCGA § 16-11-106 when he is also convicted of armed robbery by use of that firearm. The possession charge, he posits, is a lesser included offense.

" 'Where a robbery is committed by the use of a firearm, separate convictions for armed robbery and possession of a firearm during the commission of a crime are specifically authorized by OCGA § 16-11-106 (e).' [Cit.]" *Kennedy v. State*, 195 Ga. App. 795 (1) (395 SE2d 270) (1990). See also *Wilson v. Zant*, 249 Ga. 373, 380 (290 SE2d 442) (1982). "Such double punishment is not constitutionally prohibited, nor is it violative of our double jeopardy statutes to convict a person of both possession of a firearm during the commission of a felony and the accompanying felony in a single prosecution." *Wiley v. State*, 250 Ga. 343, 351 (6) (296 SE2d 714) (1982).

Appellant also argues that the "party" theory of OCGA § 16-2-20 may not be relied on to convict him of the possession charge because he at no time possessed the weapon. He posits that the nature of the crime requires actual possession and seeks an overruling of *Wilcox v. State*, 177 Ga. App. 596 (340 SE2d 243) (1986). It was held in that case that where a party has committed armed robbery and possession of a firearm during commission of a felony, an accomplice who is concerned in the commission of those crimes under OCGA § 16-2-20 is likewise guilty of both offenses, notwithstanding the fact that the accomplice did not have actual possession of the firearm. The Code does not require actual possession with respect to this offense and we are not authorized to import such a limitation and narrowing of the prohibition. *Wilcox* has not been shown to be erroneous.

Appellant also asks us to overrule *Coleman v. State*, 163 Ga. App. 173 (293 SE2d 395) (1982), but that case is inapposite in that it involved a different crime of possession than the one at issue here.

*Coleman* held that armed robbery (OCGA § 16-8-41) and possession of a firearm by a convicted felon (OCGA § 16-11-131) are separate offenses in that they have distinct elements. Moreover, the dicta in *Coleman* relating to OCGA § 16-11-106 supports rather than disfavors appellant, but it did not take into account the 1976 amendment to the law. Ga. L. 1976, pp. 1591, 1592. See OCGA § 16-11-106 (e). The Georgia Supreme Court referred explicitly to that change in *Wiley v. State*, supra, and rejected the argument appellant makes here.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*John H. Tarpley*, for appellant.

*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, Thomas S. Clegg, Nelly F. Withers*, Assistant District Attorneys, for appellee.