No 54.—KILLEN *vs*. SISTRUNK and WIFE. In error from Houston.

[1.] The Statutes of *jeofails* applies to and includes this Court.

[2.] The writ of error, being our own process, is always amendable by the bill of exceptions, or previous proceedings had in the cause.

[3.] It is a power incidental to every Court, to correct its own proceedings before final judgment.

Issue was joined in this cause, with a motion to dismiss the writ, because the plaintiff in error in the writ was " John Killen," whereas, the bill of exceptions and transcript of the record showed the cause in the Court below to be against " John Killen, executor of James H. Killen, deceased."

Counsel for plaintiff in error moved to amend the writ of error by the bill of exceptions.

KILLEN, and T. R. R. COBB, representing S. T. BAILEY, for plaintiff in error.

WARREN and HAMMOND, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] In matters of amendment,.the most liberal practice has always been pursued by this Court. We have never hesitated to allow mistakes to be corrected, when it could be done without prejudice to the other party. In Alabama, a special Statute has been passed, which provides, that "All writs of error, wherein there shall be any variance from the original record, either in the name or number of the parties, the form of the action, or other defect, may and shall be amended and made agreeable to the record." *Branch Bank of Mobile vs. The Administrators of Murphy*, 7 *Ala. Rep.* 577. Our own Legislature would do well to enact a similar law.

In the case before us, the bill of exceptions is right, and in conformity to the transcript of the record which has been sent up from the Superior Court. The defendant in error has been served with a copy of the bill of exceptions, and notified of the signing thereof. In the writ of error, however, "John Killen," *individually*, is stated to be the party, whereas the bill of exceptions and transcript of the record show the cause below to be against "John Killen, as executor of James H. Killen, deceased." If the discrepancy was between the bill of exceptions and transcript of the record, or if there were no bill of exceptions, and the variance was between the writ of error and transcript of the record, we doubt whether, in the absence of express authority, such as has been given in our sister State, the defect could be cured.

[2.] But by the Act creating this Court, the party aggrieved is authorized to carry up his case, to be reviewed by *bill of exceptions*. This he has done, and done rightly. Upon the bill of exceptions, we have, *by rule*, engrafted a writ of error, in order to comply with the Constitution, which requires that all causes be-

fore this Court shall be heard upon *writ of error*. The writ of error, then, is our own process and returnable before us. It is a simple application, then, to correct an error committed by our own officer. The Statute of *jeofails*, in its terms, includes this Court.

[3.] But without it, it seems to me to be a power incidental to every Court, to correct its own proceedings, at any time before final judgment; and this is the rule of inferior Courts of Common Law.

The writ of error refers to the bill of exceptions, as showing in what cause it is in the Superior Court, that complaint is made that manifest error was committed; but by reference to the bill of exceptions, it appears that the Clerk has misstated the parties, in issuing the writ of error. It would seem that there could be no doubt, that the defect is amendable by this Court. In *Knapp vs. Palmer*, (1 *Caine's Rep.* 486,) the Court allowed a *certiorari* to be amended, according to the affidavit on which it was obtained, by striking out the words, "trespass on the case," and inserting "debt."

Here, we order the writ of error to be amended according to the bill of exceptions, by adding to the name of "John Killen," "Executor of James H. Killen, deceased."

Motion discharged.