## 49739. JONES v. THE STATE.

PANNELL, Presiding Judge.

The appellant was indicted, tried and convicted on two counts of sale of narcotics — heroin. The jury, at the sentence hearing, sentenced appellant to 10 years on each count. The trial judge, in entering judgment on the jury sentence, provided that the sentences run consecutively. The defendant appealed, enumerating error on the overruling of his motion for new trial on the general grounds, the failure to charge a number of requests to charge, the overruling of a motion for mistrial, and the admission of evidence. *Held:*

1. The defendant was named alone in Count 1, and with two co-defendants in Count 2. The evidence as to Count 2 showed that on July 3, 1973, Police Officer Becknell, working as an undercover agent, contacted the appellant on Buena Vista Road in Muscogee County. Appellant was alone and driving a light grey 1963 Chevy Nova. Officer Becknell asked appellant if he could get them a half load (referring to heroin). Becknell had with him two companions referred to as David and Brad. Appellant gave them directions where to meet him. They followed appellant's directions and at the place specified appellant came up in the same automobile and handed the narcotics to David, one of Officer Becknell's companions, and was paid $80 by David. All of this occurred within a few feet of Becknell and he saw the exchange of the merchandise for the cash. The facts in

support of Count 1 of the indictment disclosed that on July 7, 1973, Officer Becknell, along with the same two individual companions, David and Brad, observed the automobile that he had seen appellant operating on July 3, and in the same vicinity. Officer Becknell stopped the car and found that it was being operated by the co-defendant, Willie Sampson. Officer Becknell asked Sampson if he knew where Catfish, the appellant, was, stating "we are looking to get another half," to which Sampson replied "Yes, I know where he is" and "I can get it," and told them to wait over on Chesterfield Road; and in about 10 minutes the same vehicle returned with Sampson driving and appellant on the passenger side, and stopped next to the car of Becknell with the drivers closest to each other and the cars facing in opposite directions. Becknell asked appellant if he could get them a half, and appellant replied, "Yes, wait here and I will be right back." In about 5 minutes the vehicle returned bearing co-defendants Sampson and Scott, but appellant was not present. Scott got out and made the transfer of the narcotics to Officer Becknell.

This evidence was amply sufficient to authorize the conviction of the appellant on both counts, and venue was properly proven, and there was no error in refusing to direct a verdict of acquittal.

2. The record not disclosing any requests to charge tendered by the defendant to the trial judge and not disclosing that any requests to charge were not given, no question for decision is presented to this court on the enumeration of error alleging such to have occurred.

3. Appellant moved for a mistrial because the foreman of the grand jury had in his hand a "legal pad." This was noticed when the foreman, during the trial, came out and asked a question of the trial judge. The trial judge overruled the motion upon ascertaining that the legal pad had no writing thereon. It was further disclosed that the state had nothing to do with this legal pad going out with the jury, but that it had been left in the jury room by a preceding jury in another case. We find no error in the trial judge's overruling of the motion for mistrial under these circumstances. The cases of *Killen v. Sistrunk,* 7 Ga. 281, and *Ruckersville Bank v.*

*Hemphill,* 7 Ga. 396 have no application here as the state was not responsible for the legal pad getting to the jury and there was nothing on the legal pad for the jury to read, or by which they could have been prejudiced. See in this connection, *Georgia Pacific R. Co. v. Dooley,* 86 Ga. 294, 300 (12 SE 923, 12 LRA 342).

4. Error is enumerated on the failure of the trial judge to exclude the statements of defendant Sampson to Officer Becknell on the July 7, 1973, occasion on the grounds this evidence was hearsay as to the appellant Jones. The trial judge, in the presence of the jury, sustained the objection insofar as Jones and Scott were concerned but admitted the evidence against Sampson. The only argument presented in reference to the objection made was that this was violative of appellant's right to confrontation by, and right of cross examination of, witnessses against him, relying on Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476), a case in which a co-defendant's confession was admitted over objection. Even should we assume the evidence objected to amounted to a confession of a co-defendant implicating the appellant, no such objection was made to the admission of the evidence at the trial and no such objection will be considered on appeal. The evidence was admissible as the declarations and actions of an accomplice pending the common enterprise. See, Code § 38-306; *Buttram v. State,* 121 Ga. App. 186, 187 (2) (173 SE2d 272).

5. The verdict of guilty must stand. However, the trial court erred in sentencing the defendant to ten years on each count to run consecutively, when the jury did not so provide in their sentencing verdict. See *Wade v. State,* 231 Ga. 131 (200 SE2d 271). The judgment of sentence is therefore reversed and the case remanded to the trial judge in order that he may properly sentence the defendant in accordance with this opinion, with the defendant receiving credit for any time served.

*Judgment affirmed as to guilt; reversed as to the judgment of sentence, with direction. Evans and Webb, JJ., concur.*

SUBMITTED OCTOBER 2, 1974 — DECIDED OCTOBER 17, 1974.

*Grogan, Jones & Layfield, Ben B. Phillips,* for appellant.

*E. Mullins Whisnant, District Attorney,* for appellee.