## 53432. CAMBRON v. THE STATE.

STOLZ, Judge.

The appellant and the co-defendant were convicted in February 1974 of the offense of burglary. The appellant's conviction was affirmed by this court on appeal. *Cambron v. State,* 133 Ga. App. 136 (210 SE2d 251) (1974). In a subsequent habeas corpus action, it was determined that the appellant did not have the effective assistance of counsel on appeal. Therefore, his appeal was reinstated before this court, and we have considered the enumeration of error raised on the reinstated appeal.

The appellant claims that in his trial he was denied the right of confrontation as guaranteed by the Sixth Amendment to the United States Constitution. See Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). He contends that the trial judge erred in admitting in evidence the testimony of a detective concerning conversations with the appellant's co-defendant. Even should we assume that the judge admitted prejudicial evidence in violation of the appellant's Sixth Amendment rights, the appellant failed to pose a proper objection at the trial and may not now be heard to air his objection on appeal. *Lindsey v. State,* 138 Ga. App. 377 (6) (226 SE2d 473) (1976); *Jones v. State,* 133 Ga. App. 63 (4) (209 SE2d 727) (1974); *Kent v. State,* 128 Ga. App. 132 (2) (195 SE2d 770) (1973).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 3, 1977 — DECIDED FEBRUARY 14, 1977.

*Robert C. Ray, J. O. Partain, III,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Dean R. Davis, Assistant District Attorneys,* for appellee.