## 53461. CHESSER v. THE STATE.

QUILLIAN, Presiding Judge.

William M. Chesser, defendant, and Leonard M. Sapp were indicted and tried for possession of a controlled substance, "phencyclidine," with intent to distribute. Defendant appeals his conviction. *Held:*

1. He enumerates as error the general grounds. We find the evidence sufficient to sustain the verdict.

2. Defendant alleges that the state failed to prove "actual or constructive possession of a controlled substance." We agree that the state failed to prove actual possession. However, the state did prove that a Georgia Bureau of Investigation undercover agent was introduced to the defendant and a person identified as James Bryant. Thereafter, the defendant and the undercover agent discussed the possible sale of "54 grams of THC... which is phencyclidine." They agreed upon a price of $6,500 and to meet later that evening in the parking lot of an apartment complex. The undercover agent arrived early with police support. James Bryant arrived at approximately 2:20 a.m. He said: "Chesser is going to be a little late . . . Chesser is having a little problem getting the stuff together. He should be on after awhile." Bryant left and "[i]n approximately 30 minutes Mark Chesser, he drove up and then right behind him, following him, Mr. Sapp and Mr. Bryant pulled in." The undercover agent asked defendant "where was the dope." Defendant stated: "They have the dope." Sapp produced "a bag of white powder, handed it across Mr. Bryant" to the undercover agent. The police attempted to arrest all three persons. Bryant produced a pistol and pointed it at the police officers. Bryant was killed by the ensuing gunfire.

After objection by defendants, the state advised the court it was proceeding on the theory that the statement of Mr. Bryant was that of a "co-conspirator during the conspiracy" and as such was admissible against the defendant. The court agreed and so do we. The existence of a conspiracy may be shown by circumstantial evidence. *Harris v. State,* 236 Ga. 242, 245 (2) (223 SE2d 643). The circumstances here warranted the permissible inference of conspiracy. *Hutchins v. State,* 229 Ga. 804, 806 (1) (194 SE2d 442). "After the fact of conspiracy shall

be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." Code § 38-306. Therefore, the declaration was admissible as the statement of an accomplice during the pendency of the common enterprise. *Jones v. State,* 133 Ga. App. 63, 65 (4) (209 SE2d 727).

Further, another applicable general rule of conspiracy evidence is that "when individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one of the conspirators is in legal contemplation the act of all . . . subject to the qualification that each is responsible for the acts of the others only so far as such acts are naturally or necessarily done pursuant to or in furtherance of the conspiracy." *Clarke v. State,* 221 Ga. 206, 212 (3) (144 SE2d 90). The act of possession of the phencyclidine by Sapp was, in law, the act of possession by all the co-conspirators. See *Orkin v. State,* 236 Ga. 176, 193 (6) (223 SE2d 61).

Defendant also argues that as Mr. Bryant was dead he was deprived of the right of cross examination and confrontation, and the statement should have been excluded. Even if Mr. Bryant were alive he could have refused to testify as a co-defendant, and this would also have denied defendant the right of confrontation and cross examination. Under those circumstances it would not have been error to admit the statement, and following the same logic — we see no reason to exclude the statement by reason of his death where the law specifically makes such statement admissible. This enumeration is without merit. Cf. *Jones v. State,* 133 Ga. App. 63, 65 (4), supra.

3. It is alleged that the "allegata in the indictment did not meet the probata" at trial. We can not concur. Defendant urges us to find that *Williamson v. State,* 134 Ga. App. 864 (216 SE2d 684), controls the result of this appeal. There the violation charged was distribution of "Phencyclidine (PCP)," and the State Crime Lab expert testified that the substance was "phencyclidine hydrochloride." In the instant case, the offense charged was possession of "phencyclidine" with intent to distribute, and the state crime lab chemist testified that "[her] tests proved the presence of phencyclidine.

Whether the hydrochloride salts is there or not, I did not test for it. . ."

The statute proscribes the possession of "any material, compound, mixture, or preparation which contains any quantity of the following substances . . . (9) Phencyclidine. . ." Code Ann. § 79A-808 (c) (Ga. L. 1974, pp. 221, 238). This enumeration is without merit.

4. The remaining enumerations are also without merit.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

SUBMITTED FEBRUARY 4, 1977 — DECIDED FEBRUARY 28, 1977 — REHEARING DENIED MARCH 22, 1977.

*Cain & Cain, William S. Cain, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.