### 64640, 64765. BONETA v. THE STATE (two cases).

McMurray, Presiding Judge.

These two cases are one and the same due to a pro se appeal by the defendant, as well as one filed by his appointed counsel. Defendant and another were indicted, tried and convicted of the offenses of burglary, possession of a firearm during the commission of a crime and aggravated battery, the same being the malicious causing of harm to a police officer when he investigated the burglary. Defendant was sentenced to serve 20 years for the offense of burglary; five years to run concurrently with Count 1 for the possession of a firearm during the commission of a crime; and, 20 years for the offense of aggravated battery to follow the sentence in Count 1 involving the burglary. His motion for new trial having been filed, heard and denied, he appeals. *Held:*

1. The state's evidence discloses that a building was reported as being burglarized, a police officer investigated and was shot by the two burglars escaping from the building. Shortly thereafter the defendant and the co-defendant were arrested separately in the vicinity. Evidence such as a glove, some bullets (projectiles), empty cartridge casings and later a firearm were recovered where they had been discarded. Upon the arrest of the co-defendant, he implicated this defendant. After both had been arrested they made written statements to the police with reference to the commission of the crimes. The statements of the defendants, the surrounding circumstances, as well as the evidence with reference to the burglary were sufficient to support the verdict. After careful review of the trial transcript and record we hold that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt as to the crimes charged. See *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175); *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678). The trial court did not err in denying the motion for new trial based upon the general grounds only.

2. Defendant next contends the trial court erred ·in not suppressing his statement contending it was not freely and voluntarily given and was taken after he had requested an attorney, all of which was in violation of his rights against self-incrimination, right to counsel and right to due process of law as guaranteed by amendments to the Constitutions of the United States and of the State of Georgia. In hearing the motion to suppress defendant's statement during the Jackson-Denno hearing (Jackson v. Denno, 378

U. S. 368 (84 SC 1774, 12 LE2d 908)) a police officer testified that the defendant was advised of his rights, was given the opportunity to read over and sign his statement, had no difficulty in reading or understanding English, had previously signed a waiver form and signed each page of his nine-page statement, initialing a number of corrections and he drew a diagram for the officers. The officers made no threat or promises, and the statement was freely and voluntarily given and at no time did he ask for an attorney nor was he struck nor did he complain of any injuries or mistreatment. The only evidence in support of defendant's allegations was his own testimony which the trial court (and later the jury) apparently chose not to believe. The trial court was entitled to believe the police officers instead of the defendant in refusing to suppress the statement. See *Davis v. State,* 153 Ga. App. 847 (1) (267 SE2d 263); *Jones v. State,* 243 Ga. 584, 586 (3) (255 SE2d 702); *Tucker v. State,* 245 Ga. 68, 69 (3) (263 SE2d 109). There was ample evidence from which the trial court could find that the admissions in the defendant's statement were voluntary and same were correctly admitted into evidence.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

Decided October 29, 1982.

*Derek H. Jones, J. Russell Mayer,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wendy Shoob, Margaret V. Lines, Assistant District Attorneys,* for appellee.