## 65354. PITTS v. THE STATE.

SHULMAN, Chief Judge.

Appellant and his mother were jointly indicted and tried for and convicted of possession and sale of marijuana and cocaine.

1. Appellant's first enumeration of error is that the trial court denied his motion for severance. The basis for his argument is that evidence which was admitted against his co-defendant was not admissible against him and, therefore, prejudiced the jury against him. The evidence was that his co-defendant had committed similar crimes.

"Since the grant or denial of a motion to sever is left to the discretion of the trial court, its ruling will be overturned only for an abuse of discretion. [Cits.]" *Cain v. State,* 235 Ga. 128 (218 SE2d 856). We find no such abuse of discretion here. It is apparent from the record that the trial court was concerned with the protection of appellant's right to a fair trial and endeavored to instruct the jury fully concerning the uses to which the objectionable evidence could be put. Under the circumstances, we find no error in the denial of

appellant's motion to sever.

2. In his opening statement to the jury, the assistant district attorney told the jury that appellant and his mother were engaged in a conspiracy to sell drugs. Appellant's enumeration of error concerning that statement is controlled adversely to him by *Pinion v. State*, 225 Ga. 36 (5) (165 SE2d 708), holding that the prosecuting attorney is entitled to state what he contends the evidence will show. Here, as there, the evidence did show what was promised and there was no need for a mistrial.

3. Appellant argues that the admission of evidence of his co-defendant's similar crimes was error because that evidence was not admissible against him. We find no merit in that argument. The evidence was clearly admissible against appellant's mother under the ruling in *State v. Johnson*, 246 Ga. 654 (272 SE2d 321). Appellant's real complaint in this regard is his concern that the evidence was considered against him by the jury. As we noted in Division 1, the trial court repeatedly cautioned the jury not to consider that evidence against appellant.

4. The fourth enumeration of error in this case involves the trial court's denial of appellant's motion for a directed verdict of acquittal as to the charge of possession of marijuana. The marijuana was found in the trunk of a car, the keys to which appellant had possessed. That was some evidence of appellant's possession of that marijuana, and there was no error in the denial of his motion for a directed verdict. OCGA § 17-9-1 (Code Ann. § 27-1802). *Paulk v. State,* 161 Ga. App. 89 (289 SE2d 257).

5. After the state presented rebuttal evidence, appellant offered surrebuttal. Appellant's final enumeration of error is directed to the trial court's refusal to permit the surrebuttal. We find *King v. State,* 151 Ga. App. 762 (4) (261 SE2d 485), to be controlling on this issue. Appellant did not intend to call any new witnesses, and it was clear that the testimony to be offered would have been not only cumulative but repetitious. No error appears in the refusal to permit surrebuttal.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 10, 1983 —
REHEARING DENIED MARCH 29, 1983 —

*Ronald M. Adams,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.