65376. ROBERTS v. THE STATE.

CARLEY, Judge.

The instant case is a companion case to *Teague v. State,* 165 Ga. App. 470 (301 SE2d 667) (1983). Appellant and his co-defendant Teague were convicted of burglary, possession of a firearm during the commission of a crime, and a violation of the Georgia Controlled Substances Act. Appellant appeals from the denial of his motion for a new trial.

1. Appellant enumerates the general grounds as to his conviction for burglary and possession of a firearm during the commission of a crime. With regard to the burglary conviction,

appellant alleges that his post-arrest statement in which he confessed to the burglary was not sufficiently corroborated as required by OCGA § 24-3-53 (Code Ann. § 38-420). " 'A confession of guilt, freely and voluntarily made by the accused, is direct evidence of the highest character and sufficient to authorize a verdict of guilty on a charge of [burglary], when corroborated by proof of the corpus delicti.' " *Gilder v. State,* 219 Ga. 495 (2) (133 SE2d 861) (1963); *Hilliard v. State,* 128 Ga. App. 157 (7) (195 SE2d 772) (1973). Appellant's post-arrest statement was sufficiently corroborated.

With regard to the crime of possession of a firearm during the commission of a crime, the record shows the following: Police officers noticed an unoccupied automobile in the parking lot of a convenience store. Through the windows, the officers were able to observe the contents of the open glove compartment. No gun was present at that time. Appellant and his co-defendant returned to the automobile and attempted to drive away. They were immediately stopped by police and arrested. The glove compartment was closed at the time, and the gun was found therein. Appellant's co-defendant admitted that the gun was hers and that she was the "look-out" while the burglary occurred. This court held in *Teague v. State,* supra, that this evidence was sufficient to authorize a conviction of appellant's co-defendant of possession of a firearm during the commission of a crime. As we have held above, the evidence was sufficient to authorize appellant's conviction of the burglary during the commission of which the gun was possessed. Appellant's co-defendant's participation with appellant in that same burglary was also adequately supported by the evidence. *Teague v. State,* supra. Thus, the jury was authorized to find that appellant and Teague had " 'a common design to act together for the accomplishment of an unlawful purpose. [Cits.] Once that common design is shown by evidence tending to indicate that the individuals have associated themselves together to do an unlawful act, any act done in pursuance of that association by any one of the associates, would, in legal contemplation, be the act of each of them.' [Cit.]" *Ford v. State,* 163 Ga. App. 745 (296 SE2d 85) (1982). Thus, the evidence authorized the jury's verdict finding appellant guilty of the possession of a firearm during the commission of a crime. See generally OCGA § 16-2-20 (Code Ann. § 26-801); *Harper v. State,* 152 Ga. App. 689 (3) (263 SE2d 547) (1979); *Boneta v. State,* 164 Ga. App. 190 (296 SE2d 767) (1982).

2. Contrary to appellant's assertions, the evidence of his recent possession of property taken in the burglary was sufficient to support a charge on that principle. See generally *Aiken v. State,* 226 Ga. 840, 844 (178 SE2d 202) (1970).

3. It was not, in the absence of a request, reversible error to fail

to charge that the statement of appellant's co-defendant could not be considered against him. *Mock v. State,* 163 Ga. App. 319 (294 SE2d 361) (1982); *Teague v. State,* supra.

4. The trial court did not err in failing to instruct the jury — without request — that "[a] confession alone, uncorroborated by any other evidence, shall not justify a conviction." OCGA § 24-3-53 (Code Ann. § 38-420). *Teague v. State,* supra.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 20, 1983.

*Wilson H. Bush,* for appellant.
*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.