## 66003. HENDRIXSON v. THE STATE.

SHULMAN, Chief Judge.

Appellant and a codefendant, her son, were convicted of possession and sale of marijuana and cocaine. The codefendant's conviction was affirmed in *Pitts v. State,* 166 Ga. App. 60 (303 SE2d 151).

1. In her first two enumerations of error, appellant contends that the evidence was insufficient to convict or to submit the case to the jury on theories of conspiracy, parties to crime, and the rebuttable presumption of ownership of contraband by the occupant of the premises on which the contraband is found. We disagree.

The evidence adduced at trial showed a concert of action between appellant and her son and several other persons to conduct a drug selling business from appellant's home. There was evidence that appellant was the head of the household at the residence where drugs were first purchased by undercover agents and later seized in a search and that appellant exercised proprietary control over an automobile in which a quantity of marijuana was found. There were other indicators of drug trafficking as well, including the presence of sensitive scales and notebooks containing cryptic notations identified by an experienced law enforcement officer as typical of drug-related books of account. Additional evidence was taken which showed that appellant had been engaged in the drug business in the same county, operating in the same fashion, for some time.

After a review of the record, we find that the issues of conspiracy, parties to crime, and the rebuttable presumption of ownership were properly in this case, and that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt on all charges beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant's third enumeration of error is directed toward the admission into evidence of testimony concerning similar crimes. That issue is controlled adversely to her by *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321). The evidence was clearly admissible under the rule stated in *Johnson* for the purpose of showing motive, plan, scheme, bent of mind, and course of conduct.

3. Pursuant to OCGA § 16-13-30 (d) (Code Ann. § 79A-811), appellant received a life sentence for the sale of cocaine upon a showing that she had previously been convicted of the same offense. Her final enumeration of error attacks that sentence on the ground that recidivist treatment was not authorized in her case because she was not indicted as a recidivist. Despite the well reasoned arguments set out in the state's excellent brief filed in this case, we are compelled

to agree that the life sentence was not authorized.

"For one to receive recidivist punishment he must have been indicted under a recidivist statute, his prior convictions having been considered by the Grand Jury and having been included in the indictment." *Riggins v. Stynchcombe,* 231 Ga. 589, 592-593 (203 SE2d 208). It follows that the trial court erred in applying the recidivist provision of OCGA § 16-13-30 (d) (Code Ann. § 79A-811) to appellant. Accordingly, we remand this case to the trial court for resentencing on the sale of cocaine count.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1983 —
REHEARING DENIED JULY 18, 1983 — 

*Timothy P. Healy,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.