## 66154. TOLLIVER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of first degree forgery and appeals on the general grounds. Appellant also contends that the trial court erred by denying his motion for mistrial and that he was denied a fair trial by repeated reference to the fact that he wore women's clothing.

The evidence disclosed that appellant and Ms. Eddie Mae Tarver entered a package store in Columbus, Georgia and asked J. C. Miller, an employee, to cash a government check in the amount of $1,120, payable to James Wright. Miller told appellant he did not have enough money to cash the check, but his boss would be going to the bank sometime prior to 5:30 p.m. Appellant then told Tarver to endorse the check and she endorsed it with the name James Wright. They left the check with Miller, and later the same day appellant returned to see if the check had been cashed. Miller made an excuse as to why it had not been cashed, and when his boss returned and was told about the check, he called the police. The police took custody of the check, obtained a warrant for appellant and arrested him. Miller identified appellant both at a pretrial lineup and at trial as the person who had attempted to cash the check.

James Wright testified that he was an Army sergeant retired on 100% disability, and that appellant was aware that Wright received a monthly retirement check. Wright did not receive his retirement check for January 1981, and identified the check appellant attempted to cash as his (Wright's) retirement check for that month. Wright did not give appellant or any other person permission to pick up or cash his check, and did not give anyone authority to endorse the check in his name.

Appellant admitted driving Tarver to the package store but denied any attempt to cash the check, stating that he remained in the car while Tarver went in the package store.

1. The evidence is sufficient to support the verdict. Although appellant denied any participation in the forgery of Wright's name on the check, the weight of the evidence and credibility of witnesses are questions for the triers of fact. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). Even though appellant did not personally endorse Wright's check, it was in appellant's possession and he told Tarver to endorse it. One who intentionally aids or abets the commission of a crime by another is a party to the crime and equally

guilty with the principal. OCGA § 16-2-20 (Code Ann. § 26-801); *Bell v. State,* 156 Ga. App. 190 (274 SE2d 153) (1980). Thus, we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. While cross-examining Ms. Tarver, who testified for the state, appellant's counsel asked her if she had talked to anyone at the jail other than the police and her attorney. She replied: "Yeah, I talked to Lester's [appellant's] probation officer or something like that came down and talked to me." Appellant moved for a mistrial on the ground that the answer was not responsive and improperly placed appellant's character in evidence. He contends denial of the motion was error. We disagree.

Not only was Tarver's answer responsive to appellant's question, but appellant's counsel induced the testimony; thus, he is in no position to complain, as induced error is impermissible. *Reynolds v. State,* 147 Ga. App. 488, 491 (4) (249 SE2d 305) (1978).

3. Although appellant enumerates as error repeated references to the fact that he dressed in women's clothing, he made no objection to such testimony at trial. It is well settled that this court will not consider questions raised for the first time on appeal. *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983.

Lester Tolliver, *pro se.*
William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney, for appellee.