## 66823. FERRELL v. THE STATE.

POPE, Judge.

Larry William Ferrell brings this appeal from his conviction of burglary and violation of the Georgia Firearms and Weapons Act (possessing a sawed-off shotgun). *Held:*

1. Appellant's first enumeration of error challenges the trial court's denial of his motion for directed verdict of acquittal as to the violation of the Georgia Firearms and Weapons Act, OCGA § 16-11-120 et seq. (Code Ann. § 26-9910a et seq.). The thrust of this enumeration is appellant's contention that the evidence presented by

the state failed to link him with possession of the subject sawed-off shotgun.

In deciding the issue presented by this enumeration of error, we shall consider all the evidence presented at trial and determine whether there is any evidence to support the verdict of guilty of possessing a sawed-off shotgun. See *Bethay v. State,* 235 Ga. 371 (1) (219 SE2d 743) (1975). The evidence shows that on November 4, 1981 a state's witness (B) observed a 1973 or 1974 brown Pontiac or Buick driving slowly up and down a street in a residential neighborhood in East Point, Georgia. The witness saw three white males in the car. The car stopped in front of the house across the street; two of the men exited the car and walked to the rear of the house. One of the men was described as being short, having dark brown hair, and wearing a short brown jacket. The driver proceeded up the street. When the owner of the house returned, she discovered that she had been the victim of a burglary. Later that same day witness B positively identified a car, which had been stopped by police as the result of the witness' description, as the one she had seen earlier that day. The two occupants of the car were arrested and both consented to a search of the vehicle. Among the items discovered in the car were a brown wallet containing appellant's driver's license and personal identification (found in the glove compartment) and a 12-gauge pump sawed-off shotgun (found in the trunk). Also later that day, on the basis of the description given by witness B, appellant was arrested while walking along a street approximately one-half mile from the scene of the burglary. At the time of his arrest items from the burglary were found in appellant's possession. Appellant later led police to a wooded area where other items taken in the burglary had been hidden.

Based on the foregoing facts, the trial court charged the jury on the law of conspiracy. " 'Conspiracy may be established by inference, as a deduction from acts and conduct establishing a common design to act together for the accomplishment of an unlawful purpose. (Cits.) Once that common design is shown by evidence tending to indicate that the individuals have associated themselves together to do an unlawful act, any act done in pursuance of that association by any one of the associates, would, in legal contemplation, be the act of each of them.' [Cits.]" *Ford v. State,* 163 Ga. App. 745, 746 (296 SE2d 85)(1982). The evidence presented in this case was sufficient to show that appellant acted in concert with two other individuals in order to effect a burglary. The evidence was also sufficient to show that during the course of that illegal association the three men were in joint constructive possession of the sawed-off shotgun. See *Chesser v. State,* 141 Ga. App. 657 (2) (234 SE2d 121) (1977). See generally *State*

*v. Lewis,* 249 Ga. 565, 567 (292 SE2d 667) (1982). It follows that the trial court did not err in denying appellant's motion for directed verdict. See *Pitts v. State,* 166 Ga. App. 60 (4) (303 SE2d 151) (1983); *Moore v. State,* 140 Ga. App. 824 (1) (232 SE2d 264) (1976).

2. The record in this case discloses no written motion to suppress evidence filed on behalf of appellant. Accordingly, the issue raised by appellant's second enumeration of error has no merit. See *Hunter v. State,* 249 Ga. 114 (2) (288 SE2d 214) (1982); *Maness v. State,* 159 Ga. App. 707 (285 SE2d 193) (1981).

3. Appellant's final enumeration cites as error the trial court's finding that certain statements made by him while in police custody were voluntary. During the Jackson-Denno hearing, appellant testified that his statements to and cooperation with the police resulted from his being beaten, tortured and threatened by the police. He also testified that he was not advised of his constitutional "Miranda" rights. The state, however, produced testimony which established a prima facie showing of voluntariness. The trial court was entitled to believe the state's evidence rather than appellant's and, since it was based upon evidence of record, the court's finding of voluntariness was not clearly erroneous. *Worley v. State,* 166 Ga. App. 794 (2) (305 SE2d 485) (1983), and cits.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1984.

*Susan E. Teaster, Christine A. Van Dross,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Robert A. Weathers, Assistant District Attorneys,* for appellee.