## 71061. WILCOX v. THE STATE.
### (340 SE2d 243)

BEASLEY, Judge.

Appellant was indicted with another on charges of armed robbery (OCGA § 16-8-41) and possession of a firearm during commission of a felony. (OCGA § 16-11-106.) The co-defendant pled guilty, and appellant was tried by a jury and convicted of both offenses. He was sentenced to twenty years imprisonment for armed robbery and the statutory five years consecutive imprisonment for the firearm possession. His appeal relates only to the latter conviction.

Appellant challenges the sufficiency of the evidence of the firearm charge, arguing that the evidence was undisputed that only his co-defendant possessed the weapon during the robbery, so that to convict appellant, a conspiracy would have to be proved, and that was not done. In the first place, no request was made to charge on conspiracy, no charge was given on conspiracy, and appellant's counsel expressly stated that he had no objections to the court's charge. Since under these circumstances the jury could not have considered whether or not there was a conspiracy, we could not possibly come to the conclusion that the jury verdict finding one was in error because the evidence did not support it. Of course, if the jury had been so charged, we would have to conclude, based on an application of the principles of conspiracy to our analysis of the evidence, that a finding of conspiracy was authorized. *Roberts v. State*, 167 Ga. App. 38, 39 (1) (306 SE2d 43) (1983); *Ferrell v. State*, 169 Ga. App. 592 (1) (314 SE2d 253) (1984).

The evidence viewed in a light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), reflects the following: On January 16, 1984, appellant and co-defendant went for a ride in co-defendant's truck and stopped at the victim's store. Appellant entered, asked for a box of matches, and when the 69-year-old female storekeeper handed them to him, appellant grabbed her arm. The co-defendant then came in with a sawed-off shotgun. Appellant pulled the victim out from behind the counter, kicked her, and told her to lie down on the floor and not move until they left or he would kill her. He asked where she kept the money, took it out of the cash register, and jerked the telephone out of the wall. Both men then left with about $100 of which appellant received about half.

Any person concerned in the commission of a crime is a party to it and may be convicted as a principal. OCGA § 16-2-20 (a); *Tolliver*

*v. State*, 167 Ga. App. 696 (1) (307 SE2d 269) (1983). An aider or abettor is such a person, as is one who encourages another to commit the crime. OCGA § 16-2-20 (b) (3) and (4). The evidence was sufficient to establish that appellant was concerned in either or both of these ways in the commission of the crime of his co-defendant's actual possession of the firearm during commission of the armed robbery. Thus the jury was authorized to find appellant guilty as a principal.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 28, 1986.

*Edward Parrish*, for appellant.
*Lew S. Barrow, District Attorney, David C. Walker, Robert B. Ellis, Jr., Assistant District Attorneys*, for appellee.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*