S98A0092, S98A0095. CHOI v. THE STATE.
(497 SE2d 563)

FLETCHER, Presiding Justice.

A jury convicted Jai Young Choi of felony murder in the death of Huck Jungbo Kim and aggravated assault in the shooting of Eunseon Kim.[1] Choi appeals, contending he was not competent to give a statement when arrested, challenging the qualifications of an interpreter, and raising several other enumerations of error. Because the record supports the trial court's conclusion that Choi was competent and knowingly and voluntarily made a statement to police and the remaining enumerations contain no error requiring reversal, we affirm.

The evidence at trial showed that Choi and Eunseon Kim, both Ph.D. candidates at Georgia Tech, began dating in October 1993. Ms. Kim ended the relationship in late November after rejecting Choi's marriage proposal. Several months later, Ms. Kim, her brother Mr. Kim, and two other friends went to Choi's apartment to collect some of her belongings. An argument ensued and Choi went to his car to get a handgun. As the Kims exited the building, Choi fired at Ms. Kim, hitting her in the abdomen. Choi and Mr. Kim then struggled and Mr. Kim was fatally shot. Choi left the scene and several hours later police from Winder, Georgia took him into custody after being notified that Choi was in the parking lot of a K-Mart asking for help and stating that he had shot someone.

---

[1] The crimes occurred on March 17, 1994. The grand jury indicted Choi on May 24, 1994 and re-indicted him on August 15, 1995. Following a jury trial, he was found guilty on September 6, 1995. The trial court sentenced him to life imprisonment for felony murder and to a consecutive 20-year sentence for aggravated assault. Choi filed a motion for new trial on September 27, 1995, which the trial court denied on April 15, 1997, and reissued on July 15, 1997. Choi filed his notice of appeal on August 1, 1997. The case was docketed in this court on October 2, 1997 and submitted for decision without oral argument on November 27, 1997.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Choi guilty of the crimes charged beyond a reasonable doubt.[2]

2. Choi contends that he was not mentally competent to make a statement when arrested and therefore the admission of his statement was error. The detective who took Choi's statement testified at the *Jackson-Denno*[3] hearing that Choi was oriented to time and place, understood and waived his rights, and understood the questions asked. A Korean-speaking officer who was present when Choi gave his statement testified that Choi understood English and needed translation assistance from him on only a few occasions. After reviewing the hearing transcript, we conclude that the trial court did not err in concluding that the statement was knowingly and voluntarily given.[4] The trial court was not required to accept the testimony of Choi's expert, who testified that he first evaluated Choi a year following his arrest. Furthermore, the failure of the state to record the statement by audiotape or videotape does not preclude its admission.

3. After Ms. Kim had been testifying through an interpreter for a short period, defense counsel sought to voir dire the interpreter because Choi's sister questioned the accuracy of the translation. On voir dire, the interpreter testified that she is a native of Korea, is fluent in Korean, studied both English and Korean through the ninth grade, understood Ms. Kim when she spoke in Korean, had no difficulty translating Ms. Kim's testimony, belongs to an interpreter and translator association, and had translated on four previous occasions in court in Fulton County. Choi asserted an objection to the interpreter, which the trial court overruled after finding the interpreter to be qualified. On appeal, Choi contends that the interpreter was not sufficiently qualified. The use of interpreters is within the sound discretion of the trial court.[5] After reviewing the record, we conclude that the trial court did not abuse its discretion in finding the interpreter to be qualified. Additionally, although a tape recording of Ms. Kim's testimony through the interpreter was made, Choi has not pointed to any specific errors made in the interpretation that harmed him. Therefore, we find no error.

We note that recently this Court's Commission on Equality published a Code of Professional Responsibility for Court Interpreters, Guidelines for Court Interpreter Usage, and a draft Judges' Benchbook on the use of interpreters. The benchbook contains a model voir

---

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Jackson v. Denno*, 378 U.S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[4] *Linares v. State*, 266 Ga. 812 (471 SE2d 208) (1996).
[5] *LaCount v. State*, 237 Ga. 181, 183 (2) (227 SE2d 31) (1976).

dire for the qualifications of an interpreter as well as suggested instructions when an interpreter is used. The Commission on Equality has also developed a registry of interpreters. Inclusion on the registry does not "certify" interpreters, but does include information and qualifications for interpreters in a vast number of languages. We encourage trial courts and counsel to avail themselves of these materials, which should facilitate the use of interpreters in a fair and efficient manner.

4. Choi appeared for trial dressed in prison clothing. The state objected and the trial court ordered Choi to dress in civilian clothes. Choi contends this ruling was error. A criminal defendant may certainly waive the procedural right to wear civilian clothing.[6] The ability to waive this right, however, does not create an absolute right to appear in prison clothing. We conclude that the trial court did not abuse its discretion in directing Choi to appear in civilian clothes.

5. We have reviewed Choi's remaining enumerations of error and find that they contain no error requiring reversal.[7]

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in Divisions 1, 2, 4, 5 and the judgment.*

DECIDED APRIL 13, 1998.

*Wayne R. Rasmussen,* for appellant.
*Paul L. Howard, Jr., District Attorney, Cari K. Johanson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.

---

[6] *Slade v. State,* 267 Ga. 868 (485 SE2d 726) (1997); see also ABA Standards for Criminal Justice 15-3.1 (b) (The trial judge should not permit a defendant or witness to appear at trial in the distinctive attire of a prisoner, unless specifically waived by the defendant).

[7] Choi contends that the trial court erred in denying his motion for new trial because the state misled Choi about whether shell casings were found; the trial court's instructions to the jury were in error because they were slanted toward murder rather than manslaughter; the insanity charge was not proper; and the charge violated the rule of *Edge v. State,* 261 Ga. 865 (414 SE2d 463) (1992).