A09A1462. HERNANDEZ v. THE STATE.
(686 SE2d 373)

DOYLE, Judge.
Following a jury trial, Ruiz Hernandez appeals from his conviction for felony sexual battery,[1] contending that the trial court erred by (1) ruling that he voluntarily waived his *Miranda*[2] rights, and (2) sentencing him for felony sexual battery despite the lack of a specific factual finding as to the victim's age. For the reasons that follow, we affirm.

Construed in favor of the verdict,[3] the evidence shows that Hernandez lived with his girlfriend and her five-year-old daughter for several months. One evening, the girlfriend went upstairs to tuck her daughter into bed and found Hernandez standing unclothed over

---

[8] See *Smith v. Morris, Manning & Martin, LLP*, 293 Ga. App. 153, 168 (7) (666 SE2d 683) (2008) ("trial courts have broad discretion to control discovery") (punctuation omitted); *Leventhal v. Seiter*, 208 Ga. App. 158, 161 (1) (430 SE2d 378) (1993) (no abuse of discretion because motion to compel was filed 15 months after time period for completion of discovery).
[1] OCGA § 16-6-22.1 (b), (d).
[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

her daughter, who was lying on the floor near the bathroom. The girlfriend moved Hernandez into the bathroom and took her daughter to the bedroom and asked her what had happened. The daughter said that Hernandez touched her "pee pee." The girlfriend called the police, who arrived and asked Hernandez to leave, which he did. In a subsequent forensic interview, the daughter again stated to the interviewer that Hernandez touched her "pee pee."

Hernandez was arrested and charged with child molestation. At the close of the evidence at trial, the trial court instructed the jury on the offense of sexual battery, pursuant to Hernandez's written request. The jury found Hernandez guilty of sexual battery, and, based on the victim's age, the trial court sentenced Hernandez to five years in prison pursuant to OCGA § 16-6-22.1 (d). Hernandez now appeals.

1. Prior to trial, Hernandez, who speaks Spanish, moved to suppress a custodial statement he made after signing a *Miranda* waiver, arguing that his waiver was not voluntary due to his poor understanding of the English *Miranda* warning. Following a *Jackson-Denno*[4] hearing, the trial court ruled that Hernandez sufficiently understood English to make a knowing and voluntary waiver of his *Miranda* rights.[5] Hernandez enumerates this ruling as error.

"Unless clearly erroneous, a trial court's factual determinations relating to the credibility of witnesses and the admissibility of confessions will be upheld on appeal."[6] Here, at the *Jackson-Denno* hearing, the interviewing officer testified that to make sure that Hernandez understood the *Miranda* waiver, the officer read him the form twice and gave it to Hernandez to read himself. The officer asked Hernandez if he spoke English, and Hernandez replied that he did "enough to understand what we were talking about." The officer testified that Hernandez appeared to understand their conversation and did not appear "lost" while they talked. A second witness who interviewed Hernandez on behalf of the public defender's office disputed Hernandez's comprehension of English, but "[t]he trial court was not required to accept the testimony of [Hernandez's witness]," especially in light of the officer's testimony to the contrary.[7] "The officer[ ] made no threat or promises, and the statement was freely and voluntarily given and at no time did [Hernandez] ask for an attorney nor . . . did he complain of any injuries or mistreat-

---

[4] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[5] See generally *Linares v. State*, 266 Ga. 812, 813-814 (2) (471 SE2d 208) (1996).

[6] (Citations and punctuation omitted.) *Toledo v. State*, 216 Ga. App. 480, 481 (2) (455 SE2d 595) (1995).

[7] *Choi v. State*, 269 Ga. 376, 377 (2) (497 SE2d 563) (1998).

ment."[8] Under these circumstances, the trial court did not clearly err in determining that Hernandez's *Miranda* waiver was knowing and voluntary.

2. Over Hernandez's objection that he could only be sentenced for a misdemeanor, the trial court sentenced Hernandez to five years under OCGA § 16-6-22.1 (d), which makes sexual battery a felony if the victim is under the age of sixteen. Hernandez contends that the trial court erred in sentencing him for felony sexual battery because the jury did not make a specific finding as to the victim's age. We conclude that any error in this regard was harmless.

In support of his argument, Hernandez relies on *Apprendi v. New Jersey*,[9] which stands for the proposition that unless a criminal defendant waives his right to a jury trial, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." "The dispositive question . . . is one not of form, but of effect. If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact — no matter how the State labels it — must be found by a jury beyond a reasonable doubt."[10]

Here, the issue turned on the jury's finding with respect to the victim's age, because Hernandez was sentenced for felony sexual battery under OCGA § 16-6-22.1 (d): "A person convicted of the offense of sexual battery against any child under the age of 16 years shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years." Although Hernandez argues that the jury was never instructed to make a specific finding as to the victim's age, and therefore his sentence cannot be predicated on the minor status of the victim,

> even if there were a constitutional error here under *Apprendi* and related cases, that error would be harmless. Citing *Apprendi*, the United States Supreme Court held in *Washington v. Recuenco*[11] that failure to submit an enhancing sentencing factor to a jury is not a structural error and can be harmless. The test for determining whether a constitutional error is harmless is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the

---

[8] *Boneta v. State*, 164 Ga. App. 190, 191 (2) (296 SE2d 767) (1982).

[9] 530 U. S. 466, 490 (IV) (120 SC 2348, 147 LE2d 435) (2000).

[10] (Citation and punctuation omitted.) *Ring v. Arizona*, 536 U. S. 584, 602 (II) (122 SC 2428, 153 LE2d 556) (2002). See *Terrell v. State*, 276 Ga. 34, 41 (5) (572 SE2d 595) (2002).

[11] 548 U. S. 212, 218-222 (III) (126 SC 2546, 165 LE2d 466) (2006).

verdict obtained. Specifically, *when a defendant claims that the jury did not consider an essential element of the crime, a reviewing court may find the error harmless where it concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence.*[12]

Here, Hernandez did not contest the age of the victim at trial. There was unchallenged evidence from the victim's mother as to the date of the offense, the victim's age, and the victim's birth date. Further, the jury was allowed to view a videotaped interview of the victim made after the offense. Therefore, because the victim's age was uncontested and overwhelming evidence demonstrated that the victim was under the age of 16 years, any error was harmless.[13]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 5, 2009.

*Jad B. Johnson, David J. Dunn, Jr.*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.

---

[12] (Punctuation and footnotes omitted; emphasis supplied.) *Kolar v. State*, 292 Ga. App. 623, 630 (2) (665 SE2d 719) (2008).

[13] See id.