**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**May 5, 2020**

# In the Court of Appeals of Georgia

A20A0404. RODRIGUEZ v. THE STATE.

MERCIER, Judge.

After a jury trial, Cesar Rodriguez was convicted of child molestation and incest for crimes he committed against his minor daughter. The trial court sentenced Rodriguez to 50 years on the incest count, with the first 49 years to be served in confinement.[1] He appeals his conviction, contending that the trial court erred in imposing an enhanced sentence on the incest count because the question of the victim's age (for the purposes of the incest count) was not submitted to the jury for determination. Finding no basis for reversal, we affirm.

---

[1] The trial court also sentenced Rodriguez to 50 years on the child molestation count (to serve 49 years in confinement, concurrently with the sentence on the incest count). That sentence is not at issue in this appeal.

OCGA § 16-6-22 (a) provides: "A person commits the offense of incest when such person engages in sexual intercourse or sodomy . . . with a person whom he or she knows he or she is related to either by blood or by marriage as follows: (1) Father and child[.]" OCGA § 16-6-22 (b) provides in part:

A person convicted of the offense of incest shall be punished by imprisonment for not less than ten nor more than 30 years; provided, however, that any person convicted of the offense of incest under this subsection with a child under the age of 14 years shall be punished by imprisonment for not less than 25 nor more than 50 years.

Viewed in the light most favorable to the verdict, the relevant evidence adduced at trial showed the following. Rodriguez's biological daughter, H. R., was born in December 2000. In July 2014, when H. R. was 13 years old, her mother noticed that H. R. was gaining weight and appeared to be having health problems. Rodriguez told the mother they should get H. R. a pregnancy test. On July 30, 2014, the mother asked H. R. if it was possible that she was pregnant and if anyone had ever "touched" her. H. R. replied that her father was the only person who had ever "touched" her, adding that Rodriguez had told her she could not be pregnant because he "didn't put it all the way in." The mother confronted Rodriguez, who said he was

2

"really sorry." She told Rodriguez he was a "very sick man," to which he replied that he had "been sick" since he was a child.

H. R. told her mother that Rodriguez had been doing "sexual things" to her since she was six years old and having sex with her since 2011, when she was about ten years old, and that he last had sex with her one or two days after her brother's July 15, 2014 birthday. H. R. testified that Rodriguez had had sex with her "a lot" and that she was unsure of how many times it happened.

The mother took H. R. to the doctor, and it was confirmed that H. R. was pregnant. H. R. gave birth to a son in August 2014, when she was 13 years old. DNA testing revealed a 99.99% probability that Rodriguez was the father of H. R's baby.

At the close of evidence, the trial court instructed the jury on the offenses of child molestation (including that child molestation involves a victim under the age of 16 years)[2] and incest. The court did not instruct the jury to make a specific finding as to H. R.'s age in connection with the incest count. After the jury found Rodriguez guilty of both crimes, the court entered a judgment of conviction and sentenced

---

[2] OCGA § 16-6-4 (a) pertinently provides: "A person commits the offense of child molestation when such person: (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

3

Rodriguez to 50 years on the incest count pursuant to OCGA § 16-6-22 (b). Although the crime of incest does not include an age element, sentencing is enhanced where the victim of incest is under the age of 14 years. OCGA § 16-6-22.

Rodriguez asserts that any fact that increases a penalty beyond the statutory maximum must be determined by a jury, and that the trial court thus erred by failing to submit the issue of her age to the jury. We review issues of law de novo. See generally *Clark v. State*, 328 Ga. App. 268 (1), n. 2 (761 SE2d 826) (2014).

Rodriguez is correct that such facts must be determined by a jury. Indeed,

> unless a criminal defendant waives his right to a jury trial, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. The dispositive question is one not of form, but of effect. If [the] State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact - no matter how the State labels it - must be found by a jury beyond a reasonable doubt.

*Hernandez v. State*, 300 Ga. App. 792, 794 (2) (686 SE2d 373) (2009) (citing *Apprendi v. New Jersey*, 530 U. S. 466, 490 (IV) (120 SCt 2348, 147 LE2d 435) (2000)) (punctuation omitted); see *Blakely v. Washington*, 542 U. S. 296, 300-305 (I)-(II) (124 SCt 2531, 159 LE2d 403) (2004) (defendant who pled guilty to kidnaping

4

was denied his right to trial by jury when the court made 32 findings of fact and imposed a sentence that exceeded the statutory maximum based on a judicial determination that the defendant had acted with "deliberate cruelty," a statutorily-enumerated ground for departing from the maximum sentence; the facts supporting the finding were neither found by a jury nor admitted by the defendant); *Alleyne v. United States*, 570 U. S. 99, 103 (133 SCt 2151, 186 LE2d 314) (2013) (any fact that increases the defendant's sentence is an element that must be submitted to the jury and found beyond a reasonable doubt).

Thus, in order for Rodriguez to receive enhanced sentencing under OCGA § 16-6-22 (b), the jury would have to find that H. R. was under the age of 14 years when the alleged incest occurred. The jury in this case was never instructed to make a specific finding on that issue. However,

> even if there were a constitutional error here under *Apprendi* and related cases, that error would be harmless. . . .[T]he United States Supreme Court held in *Washington v. Recuenco* that failure to submit an enhancing sentencing factor to a jury is not a structural error and can be harmless. The test for determining whether a constitutional error is harmless is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. Specifically, when a defendant claims that the jury did not consider an essential element of the crime, a reviewing court may find the error harmless

5

where it concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence.

*Hernandez*, supra, 300 Ga. App. at 794-795 (2) (citations, punctuation and emphasis omitted).

The indictment alleged that Rodriguez committed the crimes of child molestation and incest on or about July 13, 2014. Both H. R. and her mother testified that H. R. was born in December 2000 and that the acts supporting the incest count occurred in July 2014, when H. R. was 13 years old. Rodriguez points to no evidence contradicting those dates. Because the evidence demonstrating that H. R. was under the age of 14 at the time the incest was committed was uncontested and was overwhelming, any error in not submitting the issue of her age to the jury was harmless. See generally *Hernandez*, supra at 795.

*Judgment affirmed. Miller, P. J., and Coomer, J., concur*.